UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
SECURITIES AND EXCHANGE                             :
COMMISSION,                                         :
                                                    :
                         Plaintiff,                 :
                                                    :
            -against-                               :        Case No. 1:24-cv-04806 (KPF)
                                                    :
                                                    :
JOHN BRDA,                                          :
GEORGIOS PALIKARAS,                                 :
                                                    :
                         Defendants.                :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT JOHN BRDA'S MOTION TO TRANSFER VENUE

DLA PIPER LLP (US)

Steven M. Rosato
1251 Avenue of the Americas
New York, New York  10020
Tel.:  (212) 335-4500
steven.rosato@us.dlapiper.com

Jason S. Lewis (*pro hac vice* forthcoming)
Jason M. Hopkins (*pro hac vice* forthcoming)
1900 N. Pearl Street, Suite 2200
Dallas, Texas  75201
Tel.:  (214) 743-4546
jason.lewis@us.dlapiper.com
jason.hopkins@us.dlapiper.com


*Attorneys for Defendant*
*John Brda*

Dated:  August 8, 2024

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ................................................................................ 1

II.   BACKGROUND ................................................................................................... 2

III.  LEGAL STANDARD ............................................................................................ 3

IV.   ARGUMENT:  THIS ACTION SHOULD BE TRANSFERRED TO
      THE EASTERN DISTRICT OF TEXAS ................................................................ 5

      A.    This Case Could Have Been Brought in the Eastern District of Texas. ................ 5

      B.    Convenience and the Interests of Justice Warrant Transfer to
            the Eastern District of Texas. ............................................................................ 5

            1.    The Locus of Operative Facts Is in Texas. ................................................ 5

            2.    The Eastern District of Texas is a More Convenient
                  Forum for the Witnesses in this Case. ...................................................... 8

            3.    The Eastern District of Texas is the Most Convenient
                  and Least Burdensome Venue for Defendants and is
                  More Convenient for the SEC .................................................................. 10

            4.    The SEC's Choice of Forum Should Not Be Afforded Weight ............... 11

            5.    The Location of Relevant Documents and Relative Ease of
                  Access to Sources of Proof Weigh in Favor of Transfer. ....................... 12

            6.    The Eastern District of Texas Has a Local Interest in
                  Litigating this Case. ................................................................................ 13

            7.    Trial Efficiency Favors Transfer of this Case. ........................................ 14

            8.    The Remaining Factors Are Neutral and Do Not Weigh in
                  Favor of Either Venue. ............................................................................ 15

                  a.    The Availability of Process to Compel Attendance of
                        Witnesses Does not Weigh in Favor of Either Venue. ................. 15

                  b.    Neither Venue Has Increased Familiarity
                        with the Governing Law. ............................................................. 16

V.    CONCLUSION ................................................................................................... 16

# **TABLE OF AUTHORITIES**

**Page(s)**

### **Cases**

*632 Metacom, Inc. v. Certain Underwriters at Lloyd's*,
No. 20-CV-3905 (RA), 2021 WL 394847 (S.D.N.Y. Feb. 4, 2021) .........................................9

*800-Flowers, Inc. v. Intercontinental Florist, Inc.*,
860 F. Supp. 128 (S.D.N.Y. 1994) ...................................................................................12

*ACE Am. Ins. Co. v. Bank of the Ozarks*,
No. 11 Civ. 3146 (PGG), 2012 WL 3240239 (S.D.N.Y. Aug. 3, 2012).................................16

*Alpha Indus., Inc. v. Alpha Clothing Co. LLC*,
No. 21 CIV. 87 (KPF), 2021 WL 2688722 (S.D.N.Y. June 30, 2021)...........................6, 15

*Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. LaFarge N. Am., Inc.*,
474 F. Supp. 2d 474 (S.D.N.Y. 2007)...................................................................................13

*In re AtheroGenics Sec. Litig.*,
No. 05 Civ. 00061, 2006 WL 851708 (S.D.N.Y. Mar. 31, 2006) .............................................5

*Azari v. B&H Photo Video*,
No. 06 Civ. 7825 (DLC), 2007 WL 13101 (S.D.N.Y. Jan. 3, 2007) .........................................8

*Bent v. Zounds Hearing Franchising, LLC*,
No. 15 Civ. 6555 (PAE), 2016 WL 153092 (S.D.N.Y. Jan. 12, 2016)....................................8

*Berman v. Informix Corp.*,
30 F. Supp. 2d 653 (S.D.N.Y. 1998)...................................................................................12

*City of Pontiac Gen. Emps. Ret. Sys. v. Dell Inc.*,
No. 14 Civ. 3644 (VSB), 2015 WL 12659925 (S.D.N.Y. Apr. 30, 2015) ..............................7

*Cohn v. Metro. Life Ins., Co.*,
No. 07 Civ. 0928 (HB), 2007 WL 1573874 (S.D.N.Y. May 31, 2007)............................6, 12

*Continental Garin Co. v. The Barge FBL-585*,
364 U.S. 19 (1960)...............................................................................................................3

*In re Cuyahoga Equip. Corp.*,
980 F.2d 110 (2d Cir. 1992)................................................................................................3

*Donoghue v. Gad*,
No. 21 Civ. 7182 (KPF), 2022 WL 3156181 (S.D.N.Y. Aug. 8, 2022) ................................10

*Enigma Software Grp. USA, LLC v. Malwarebytes, Inc.*,
    260 F. Supp. 3d 401 (S.D.N.Y. 2017) .......................................................................6

*Est. of Ungar v. Palestinian Auth.*,
    400 F. Supp. 2d 541 (S.D.N.Y. 2005), *aff'd*,
    332 F. App'x 643 (2d Cir. 2009) ..........................................................................16

*Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*,
    928 F. Supp. 2d 735 (S.D.N.Y. 2013) ................................................................4, 8

*Fuji Photo Film Co. v. Lexar Media, Inc.*,
    415 F. Supp. 2d 370 (S.D.N.Y. 2006) ...............................................................8, 12

*Gulf Oil Corp. v. Gilbert*,
    330 U.S. 501 (1947) ..............................................................................................14

*Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*,
    419 F. Supp. 2d 395 (S.D.N.Y. 2005) ..................................................................14

*Jackson v. Avis Rent A Car Sys., LLC*,
    No. 14-CV-1658 (LLS), 2015 WL 1004299 (S.D.N.Y. Mar. 6, 2015) ...................13

*Laborers Local 100 & 397 Pension Fund v. Bausch & Lomb Inc.*,
    06 CIV. 1942 (HB), 2006 WL 1524590 (S.D.N.Y. June 5, 2006) ...........................7

*Mazuma Holding Corp. v. Bethke*,
    1 F. Supp. 3d 6 (E.D.N.Y. 2014) ........................................................................5, 8

*In re Nematron Corp. Sec. Litig.*,
    30 F. Supp. 2d 397 (S.D.N.Y. 1998) ......................................................................6

*Norwood v. Kirkpatrick*,
    349 U.S. 29 (1955) ..................................................................................................4

*Oleg Cassini Inc. v. Serta, Inc.*,
    No. 11 Civ. 8751, 2012 WL 844284 (S.D.N.Y. Mar. 13, 2012) ...........................13

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235 (1981) ................................................................................................3

*Power Play 1 LLC v. Norfolk Tide Baseball Club, LLC*,
    No. 17 Civ. 4831 (WHP), 2018 WL 357304 (S.D.N.Y. Jan. 9, 2018) ....................4

*Ravenwoods Invest. Co., L.P. v. Bishop Capital Corp.*,
    No. 04CV9266KMK, 2005 WL 236440 (S.D.N.Y. Feb. 1, 2005) .......................4, 9

*Ritchie Capital Mgmt., LLC v. U.S. Bank Nat. Ass'n*,
    No. 14 Civ. 8513, 2015 WL 1611391 (S.D.N.Y. Apr. 10, 2015) ........................9, 10

*Royal Ins. Co. of Am. v. United States*,
    998 F. Supp. 351 (S.D.N.Y. 1998) ........................................................................16

*SBAV LP v. Porter Bancorp, Inc.*,
    No. 13 Civ. 372 (PAE), 2013 WL 3467030 (S.D.N.Y. July 10, 2013) ...................6

*SEC v. Ernst & Young*,
    775 F. Supp. 411 (D.D.C. 1991) ...........................................................................5

*SEC v. Hill Int'l, Inc.*,
    No. 20 CIV. 447 (PAE), 2020 WL 2029591 (S.D.N.Y. Apr. 28, 2020)......................... *passim*

*SEC v. Kearns*,
    No. 09 Civ. 2296 (DLC), 2009 WL 2030235 (S.D.N.Y. July 14, 2009).....................6, 11, 12

*SEC v. KPMG*,
    LLP, No. 03-CV-671 (DLC), 2003 WL 1842871 (S.D.N.Y. Apr. 9, 2003)...........................12

*SEC v. Savoy Indus., Inc.*,
    587 F.2d 1149 (D.C. Cir. 1978) ............................................................................4

*SEC v. Yaroshinsky*,
    No. 06 CIV. 2401 (RCC), 2006 WL 8459557 (S.D.N.Y. Oct. 5, 2006)..................9

*Siegel v. Ford*,
    No. 16 Civ. 8077, 2017 WL 4119654 (S.D.N.Y. Sept. 15, 2017) ...........................4

*Speedfit LLC v. Woodway USA, Inc.*,
    53 F. Supp. 3d 561 (E.D.N.Y. 2014) ...................................................................15

*Stewart Org. v. Ricoh Corp.*,
    487 U.S. 22 (1988)................................................................................................3

*In re Stillwater Mining Co. Sec. Litig.*,
    No. 02 Civ. 2806(DC), 2003 WL 21087953 (S.D.N.Y. May 12, 2003)..................7

*Transatlantic Reins. Co. v. Cont'l Ins. Co.*,
    No. 03 CIV. 3227 (CBM), 2003 WL 22743829 (S.D.N.Y. Nov. 20, 2003)..........................14

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) (en banc) ...............................................................9

*Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*,
    127 F. Supp. 3d 156 (S.D.N.Y. 2015)..................................................................15

*Weschler v. Macke Int'l Trade, Inc.*,
    No. 99-CV-5725 (AGS), 1999 WL 1261251 (S.D.N.Y. Dec. 27, 1999)...............................12

*YLD Ltd. v. Node Firm, LLC,*
   No. 15 Civ. 855 (JPO), 2016 WL 183564 (S.D.N.Y. Jan. 14, 2016) ....................................15

## **Statutes**

15 U.S.C. § 77v ...........................................................................................................................4

15 U.S.C. § 77v(a) ......................................................................................................................5

15 U.S.C. § 78aa ..................................................................................................................4, 5, 15

15 U.S.C. § 78aa(a) ....................................................................................................................5

28 U.S.C. § 1391 .........................................................................................................................5

28 U.S.C. § 1391(b) ....................................................................................................................3

28 U.S.C. § 1404(a) ........................................................................................................... *passim*

## **Other Authorities**

15 Fed. Prac. & Proc. Juris. § 3851 (4th ed.) ..............................................................................8

Defendant John Brda ("**Brda**") respectfully submits this memorandum of law in support of his motion, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the United States District Court for the Eastern District of Texas for the convenience of the parties and witnesses and in the interest of justice.

## I.    PRELIMINARY STATEMENT

Although none of the defendants are located in New York and none of the operative facts alleged in the complaint (*see generally* ECF No. 1) took place in New York, the Securities and Exchange Commission (the "**SEC**") filed this action in the Southern District of New York ("**SDNY**" or the "**District**").  Transfer to the Eastern District of Texas is appropriate for several reasons.  The threshold requirement for a Section 1404 transfer motion—whether the action at issue could have been brought in the proposed transferee venue—is easily satisfied here.  All of the underlying facts alleged in the complaint took place in Texas.  The convenience of the witnesses and the parties—critical factors under Section 1404—strongly support transfer to the Eastern District of Texas.  Notably, the SEC's lawyers are even based in Texas.  *See* Compl. at 46.  None of the factors that this Court must consider weighs in favor of keeping the case in this District.

Because the operative facts bear little connection to the plaintiff's chosen forum (*i.e.*, SDNY), the SEC's choice to file its complaint in this District is not entitled to deference.  As explained more fully below, all factors relevant to the Court's consideration of this motion—including convenience to all parties and witnesses, the relative means of the parties, and trial efficiency—support a transfer to the Eastern District of Texas.  The Court therefore should grant Brda's motion and transfer this action to that district.

## II.    BACKGROUND

On June 25, 2024, the SEC filed a complaint against Brda and Georgios Palikaras ("**Palikaras**") alleging that the Defendants engaged in a scheme to manipulate the stock price of Torchlight Energy Resources, Inc ("**Torchlight**") in connection with Torchlight's planned merger with Metamaterial, Inc. ("**Meta I**") and the company that resulted from the Torchlight-Meta I Merger, Meta Materials, Inc. ("**Meta II**").[1]  None of the parties are located in, or even tied to, the SDNY.  Moreover, Torchlight was a Texas corporation, (Compl. ¶ 17), with its principal place of business and its only corporate offices in Plano, Texas.  *See* Declaration of John Brda dated August 8, 2024 ("**Brda Decl.**") ¶ 3.  Plano is in Collin County, Texas, which is within the Eastern District of Texas.   None of the named Defendants nor Torchlight has any connection to SDNY. Compl. ¶¶ 15-19.

None of the operative facts are alleged to have taken place in New York.  The SEC alleges that Defendants capitalized on this scheme by causing Torchlight to conduct an at-the-market offering ("**ATM Offering**").  Compl. ¶ 1.  Brda vehemently denies any such scheme.  Yet, even as alleged, all of the meetings, communications, and public filings relate to events that took place at Torchlight's headquarters in Plano, Texas.  Brda Decl. ¶ 6.  The operative evidence is in Texas, as are the witnesses and counsel for all the parties.

Nonetheless, the complaint alleges that venue is proper in the SDNY because "[t]he offer or sale of securities at issue in this case took place in this District, and certain acts, practices, transactions, and courses of business constituting violations of the securities laws alleged herein

---

[1] On the same day, the SEC announced by press release that the SEC and Meta II had reached a settlement agreement, subject to court approval, as to the claims against the company. *See* "SEC Charges Meta Materials and Former CEOs with Market Manipulation, Fraud and Other Violations," Release 2024-77, *available at* https://www.sec.gov/news/press-release/2024-77.

occurred within this District."  Compl. ¶ 14.  To support that allegation, the SEC exclusively relies on the fact that the "Nasdaq [] is headquartered in this District," and generally states that "[o]ne or more" unidentified investors who "bought Torchlight stock, and were harmed by the conduct alleged herein, reside in this District" and that certain unidentified statements were "published and/or disseminated to investors in this District."  *Id.*  Other than Torchlight (and subsequently Meta II) being traded on the NASDAQ and the disclosures being communicated in this District (as well as to the investing public worldwide), there is simply no connection to this District.  Thus, transfer is warranted, and the Eastern District of Texas is the more appropriate forum.

## III.    LEGAL STANDARD

Under 28 U.S.C. § 1391(b), venue is proper in a district "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of that property that is subject of the action is situated."  Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Congress enacted Section 1404(a) "as a 'federal housekeeping measure,' allowing easy change of venue within a unified federal system."  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981).  The purpose of Section 1404(a) is to prevent a waste of "time, energy and money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Continental Garin Co. v. The Barge FBL-585*, 364 U.S. 19, 26–27 (1960).  Under Section 1404(a), the Court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation omitted).  Section 1404(a) gives district courts broad discretion to decide whether to transfer venue.  *See In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992) ("[M]otions for transfer lie within the broad discretion of the district court.").  Though the inquiry is similar to *forum non*

*conveniens*, transfer pursuant to Section 1404(a) requires "a lesser showing" than dismissal for *forum non conveniens*. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).

In deciding a motion to transfer venue under Section 1404(a), courts must first inquire "whether the action *could* have been brought originally in the transferee forum." *Siegel v. Ford*, No. 16 Civ. 8077, 2017 WL 4119654, at *7 (S.D.N.Y. Sept. 15, 2017). "After a court determines that the action could have been permissibly brought in the transferee forum . . . , it then must examine whether convenience and the interests of justice warrant a transfer." *Id.* (citation omitted). This inquiry is guided by several factors:

> (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

*SEC v. Hill Int'l, Inc.*, No. 20 CIV. 447 (PAE), 2020 WL 2029591, at *3 (S.D.N.Y. Apr. 28, 2020) (quoting *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 743 (S.D.N.Y. 2013)). "In evaluating these factors on a motion to transfer venue, the Court may consider factual submissions, including declarations, by defendants." *Id.* at *3. And, "[i]n considering these factors, the court may consider factual material outside the pleadings." *Power Play 1 LLC v. Norfolk Tide Baseball Club, LLC*, No. 17 Civ. 4831 (WHP), 2018 WL 357304, at *4 (S.D.N.Y. Jan. 9, 2018) (collecting cases).

Section 1404(a) applies equally when venue is alleged under the federal securities statutes, including 15 U.S.C. §§ 77v and 78aa, which provide for venue in the district where a defendant is found or is an inhabitant or transacts business. *See SEC v. Savoy Indus., Inc.*, 587 F.2d 1149, 1153–54 (D.C. Cir. 1978); *see also Ravenwoods Invest. Co., L.P. v. Bishop Capital Corp.*, No. 04CV9266KMK, 2005 WL 236440, at *8 (S.D.N.Y. Feb. 1, 2005) (explaining that "nothing in

4

[the jurisdictional provision of the 1934 Act] 'alters the standard employed in deciding whether transfer is appropriate'") (internal citation omitted).  As one court has explained, "the Court's discretion under § 1404(a) is not circumscribed by § 78aa."  *SEC v. Ernst & Young*, 775 F. Supp. 411, 413 (D.D.C. 1991).

## IV.    ARGUMENT:  THIS ACTION SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF TEXAS

### A.    This Case Could Have Been Brought in the Eastern District of Texas.

It is undeniable that this action could have been brought in the Eastern District of Texas. Under both the Securities Exchange Act of 1934 ("**Exchange Act**") and the Securities Act of 1933 ("**Securities Act**"), a civil suit may be brought "in the district wherein the defendant is found or is an inhabitant or transacts business," 15 U.S.C. §§ 77v(a), 78aa(a), and under the Exchange Act, a civil suit may also be brought in any district "wherein any act or transaction constituting the violation occurred," 15 U.S.C. § 78aa(a).  Pursuant to 28 U.S.C. § 1391, venue is proper in the Eastern District of Texas because, as alleged, Torchlight's principal place of business was located there.  Compl. ¶ 17.  "[W]hile there is 'no per se rule requiring or presumptively favoring the transfer of a securities-fraud action to the district where the issuer is headquartered,' such transfers to the issuer's home district are routine 'as a practical matter.'"  *Mazuma Holding Corp. v. Bethke*, 1 F. Supp. 3d 6, 29 (E.D.N.Y. 2014) (quoting *In re AtheroGenics Sec. Litig.*, No. 05 Civ. 00061, 2006 WL 851708, at *3 (S.D.N.Y. Mar. 31, 2006)).  As a result, there is no question that this case could have been properly brought in the Eastern District of Texas.

### B.    Convenience and the Interests of Justice Warrant Transfer to the Eastern District of Texas.

#### 1.    The Locus of Operative Facts Is in Texas.

The "locus of operative facts" factor favors transfer to Texas.  "The locus of operative facts is a 'primary factor in determining a § 1404(a) motion to transfer.'"  *Hill Int'l*, 2020 WL 2029591,

at *4 (quoting *Enigma Software Grp. USA, LLC v. Malwarebytes, Inc.*, 260 F. Supp. 3d 401, 409 (S.D.N.Y. 2017). "This factor 'substantially favors transfer from this district when a party has not shown that any of the operative facts arose in the Southern District of New York.'" *Id.* (quoting *SBAV LP v. Porter Bancorp, Inc.*, No. 13 Civ. 372 (PAE), 2013 WL 3467030, at *4 (S.D.N.Y. July 10, 2013) (internal quotation marks omitted)). "Where there is no material connection between this district and the operative facts, the interests of justice require the transfer of the action." *Id.* (quoting *Cohn v. Metro. Life Ins., Co.*, No. 07 Civ. 0928 (HB), 2007 WL 1573874, at *3 (S.D.N.Y. May 31, 2007) (internal brackets omitted)). "To determine the locus of operative facts, a court must look to the site of the events from which the claim arises and focus on the degree of relationship between the forum and the cause of action." *Id.* (internal quotation marks and citations omitted). "Both this factor and the location of material witnesses bear on where the 'center of gravity' of the action rests." *Alpha Indus., Inc. v. Alpha Clothing Co. LLC*, No. 21 CIV. 87 (KPF), 2021 WL 2688722, at *6 (S.D.N.Y. June 30, 2021) (Failla, J.) (citation omitted).

Securities fraud actions "focus almost entirely on the defendants' conduct." *In re Nematron Corp. Sec. Litig.*, 30 F. Supp. 2d 397, 402 (S.D.N.Y. 1998). Here, it is undisputed that Brda's alleged conduct took place in Texas. The complaint alleges that Torchlight was headquartered in Texas and that Brda had ultimate authority over Torchlight. Compl. ¶¶ 15, 17. Further, the complaint alleges that Torchlight's primary assets were located in Texas. *See id.* ¶ 20. Because Torchlight, its assets, and its employees were all located in Texas, any relevant conduct necessarily also occurred in Texas. Brda Decl. ¶¶ 6–7.

The only connection that the SEC alleges this case has specifically to this District is that Torchlight's shares were traded on the NASDAQ, *see* Compl. ¶ 14, but that fact does not demonstrate that the operative facts took place in this District. *See SEC v. Kearns*, No. 09 Civ.

2296 (DLC), 2009 WL 2030235, at *3 (S.D.N.Y. July 14, 2009) ("The only operative fact mentioned in the SEC's complaint that took place in this district was that [the company's] shares were traded on the NASDAQ.  That fact alone, however, hardly demonstrates that the operative facts that are central to this complaint took place in this forum."); *City of Pontiac Gen. Emps. Ret. Sys. v. Dell Inc.*, No. 14 Civ. 3644 (VSB), 2015 WL 12659925, at *6 (S.D.N.Y. Apr. 30, 2015) ("Defendants' alleged misrepresentations and omissions"—nearly all of which occurred at company headquarters in Austin, Texas—"are the gravamen of this case, and, contrary to Plaintiff's arguments, the locus of operative facts is not shifted to New York merely because Dell stock was traded on the NASDAQ and certain analysts who followed Dell were based in New York."); *Laborers Local 100 & 397 Pension Fund v. Bausch & Lomb Inc.*, 06 CIV. 1942 (HB), 2006 WL 1524590, at *4 (S.D.N.Y. June 5, 2006) (finding that the mere fact that the company's stock was traded on the New York Stock Exchange did not establish sufficient connection to New York when allegedly false or misleading statements were made elsewhere).[2]

The SEC's vague allegation that statements "were published and/or disseminated to investors in this District," Compl. ¶ 17, is also insufficient.  *See In re Stillwater Mining Co. Sec. Litig.*, No. 02 Civ. 2806(DC), 2003 WL 21087953, at *4 (S.D.N.Y. May 12, 2003) (finding that the locus of operative facts in putative securities class action occurred in defendant corporation's home state of Montana, even considering institutional investor meeting that took place in New York); *Hill Int'l*, 2020 WL 2029591, at *5 ("[W]hile limited events at issue occurred in New York City and while the effects of the scheme alleged here were experienced broadly and not merely at

---

[2] While the NASDAQ has an office in the SDNY, it also has more than a dozen other offices throughout the United States, one of which is located in Texas—halfway between the offices of the SEC's counsel and Mr. Brda's counsel.  *See* https://www.nasdaq.com/contact-us.  If the location of the NASDAQ were relevant to the venue analysis – and it is not – then that Texas office supports venue in Texas.

corporate headquarters, the 'center of gravity' of this accounting fraud case unavoidably is the location at which the accounting fraud took place.").

The fact that Torchlight's public statements potentially could have reached investors in Torchlight stock in New York does not transform SDNY into the center of the alleged fraud, especially where Torchlight's public statements indiscriminately reached investors everywhere. *See Bent v. Zounds Hearing Franchising, LLC*, No. 15 Civ. 6555 (PAE), 2016 WL 153092, at *5 (S.D.N.Y. Jan. 12, 2016) ("Misrepresentations and omissions are deemed to 'occur' in the district where they are transmitted or withheld, not where they are received." (citation omitted)); *Azari v. B&H Photo Video*, No. 06 Civ. 7825 (DLC), 2007 WL 13101, at *2 (S.D.N.Y. Jan. 3, 2007) (where "the critical decisions that underlie the plaintiffs' claims were made outside New York, the plaintiffs' choice of forum is entitled to reduced deference").

Accordingly, the locus of operative facts is Texas, not New York, and thus, this factor strongly supports transfer to the Eastern District of Texas.

### 2.    The Eastern District of Texas is a More Convenient Forum for the Witnesses in this Case.

The convenience of witnesses also clearly favors transfer to Texas.  "The convenience of witnesses is an important consideration and has often been described as the single most important § 1404(a) factor."  *Everlast*, 928 F. Supp. 2d at 743; *see also* 15 Fed. Prac. & Proc. Juris. § 3851 (4th ed.) (convenience of witnesses "often cited as the most significant factor in passing on a motion to transfer under § 1404(a)" and "the factor most frequently mentioned"); *Mazuma Holding Corp.*, 1 F. Supp. 3d at 29–30 (describing convenience of witnesses as "probably the single-most important factor in the analysis of whether transfer should be granted" (quoting *Fuji Photo Film Co. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006))).  "Witnesses not only suffer monetary costs, but also the personal costs associated with being away from work, family, and

community." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 317 (5th Cir. 2008) (en banc). "[T]he convenience of witnesses depends on the 'materiality, nature, and quality of each witness . . . .'" *SEC v. Yaroshinsky*, No. 06 CIV. 2401 (RCC), 2006 WL 8459557, at *3 (S.D.N.Y. Oct. 5, 2006) (quoting *Ravenswood Inv. Co. v. Bishop Capital Corp.*, No. 04-CV-9266-KMK, 2005 WL 236440, at *4 (S.D.N.Y. Feb. 1, 2005)); *see Ritchie Capital Mgmt., LLC v. U.S. Bank Nat. Ass'n*, No. 14 Civ. 8513, 2015 WL 1611391, at *5 (S.D.N.Y. Apr. 10, 2015) (holding that this factor "'clearly' supports a transfer" when "[n]o party resides in New York . . . . A transfer, on balance, would therefore be much more convenient for the defendant, while not enhancing (or hindering) plaintiffs' convenience. Under such circumstances, this factor 'clearly' supports a transfer.").

Here, the key witnesses are Defendants and Torchlight's employees, as well as Torchlight's former board members. No known witness—key or otherwise—resides in New York. Brda Decl. ¶¶ 5, 7. Brda does not reside in New York, *see* Compl. ¶ 15, and he frequently travels to Texas for business. Palikaras does not reside in New York. *See* Compl. ¶ 16.[3] Torchlight was headquartered in Texas, and Brda was one of only four employees of Torchlight. Compl. ¶¶ 15, 17. Further, the former chairman of the Torchlight board of directors' lives in Texas, as do other former members of the Torchlight board. *See* Torchlight, Proxy Statement (Form DEF 14A) (May 7, 2021) (Plano, Texas listed as address for Torchlight's Board of Directors in fairness opinion and as address for Security Ownership of Certain Beneficial Owners and Management); Torchlight, Preliminary Proxy Statement (Form PREM 14A) (Apr. 21, 2021) (same); Torchlight, Preliminary Proxy Statement (Form PREM 14A) (Mar. 23, 2021) (same); Torchlight, Preliminary Proxy

---

[3] Palikaras is not a citizen of the United States and does not reside in the United States. Compl. ¶ 16. Accordingly, Brda's inconvenience should be afforded more weight on this factor. *See 632 Metacom, Inc. v. Certain Underwriters at Lloyd's*, No. 20-CV-3905 (RA), 2021 WL 394847 (S.D.N.Y. Feb. 4, 2021) ("As Defendants' key witnesses are likely located within the United Kingdom, their convenience does not factor into the analysis.").

Statement (Form PREM 14A) (Feb. 4, 2021) (same).[4]  *See* Brda Decl. ¶ 6.  Proceeding in this District would impose enormous personal and monetary costs on every witness.  *See id.* ¶ 11.

Accordingly, because no witness resides in New York, the Eastern District of Texas is more convenient for Brda, and the Eastern District of Texas would not enhance (or hinder) the SEC's convenience, this factor "clearly" supports to transfer to the Eastern District of Texas.  *See Ritchie Capital Mgmt.*, 2015 WL 1611391, at *5.

### 3. The Eastern District of Texas is the Most Convenient and Least Burdensome Venue for Defendants and is More Convenient for the SEC.

The "convenience of the parties" factor similarly favors transfer to Texas.  Torchlight was headquartered in Texas, both Defendants' counsel are in Texas, and even the SEC's counsel is in Texas.  Brda Decl. ¶¶ 9–10.  Litigating this case in New York, rather than Texas, would be much more burdensome for the Defendants and all counsel, who would be required to travel to New York for hearings and trial.  *See Hill Int'l*, 2020 WL 2029591, at *7 (finding trial in New York would impose "travel and expense burdens on" defendant and all counsel where they lived and worked in Philadelphia).  In considering the relative means of the parties, the Court should take into consideration that certain costs, including hotel, meal, and transportation costs, are not always covered by insurance.  *See id.* at *7 ("Drawing on its experience in prior practice, the Court is mindful that insurance carriers do not invariably cover all costs . . . ; that certain costs (*e.g.*, hotel, meal and transportation costs . . .) may fall outside of an insurer's obligation to cover the party's

---

[4] *See Donoghue v. Gad*, No. 21 Civ. 7182 (KPF), 2022 WL 3156181, at *4–5 (S.D.N.Y. Aug. 8, 2022) (noting courts may take judicial notice of SEC filings).

legal expenses."). The Defendants would suffer significant personal and financial hardship if they were required to litigate this case in New York. *See* Brda Decl. ¶ 11.[5]

By contrast, trying this case in Texas will not inconvenience the SEC's Texas lawyers in the least. *See Kearns*, 2009 WL 2030235, at *4 ("[W]hile the SEC has an office in New York, it also has one in Philadelphia, which is 2.5 miles from the proposed transferee court, and the counsel representing the SEC work from its Washington, D.C. office."). SEC counsel litigating this matter and who led the underlying investigation, are located in Texas and work in the agency's Fort Worth, Texas office. *See* SEC Press Release, *SEC Charges Former CEOs of Meta Materials with Market Manipulation, Fraud, and Other Violation* (June 25, 2024), available at https://www.sec.gov/enforcement-litigation/litigation-releases/lr-26035; *see also* Brda Decl. ¶ 9. As such, this is where the aforementioned investigative file was assembled and maintained. For those reasons, it would be more convenient for the SEC to litigate in Texas.

As a result, this factor weighs in favor of transfer to the Eastern District of Texas, where Torchlight was headquartered and is the more convenient and less burdensome venue for all counsel and the witnesses.

### 4.    The SEC's Choice of Forum Should Not Be Afforded Weight.

The SEC's choice of forum is entitled to the same level of deference as the choice of any other plaintiff—and no more. *Kearns*, 2009 WL 2030235, at *2. Where, however, "the operative facts upon which the litigation is brought bear little material connection to the chosen forum, or where the choice of forum otherwise appears to be motivated by forum shopping, the plaintiff's

---

[5] In contrast to the limited means of Brda, the SEC has selected a counsel based in Fort Worth, not New York, to try this case. Like the SEC's use of Philadelphia-based counsel in *Hill*, the SEC's "preference that its [Washington D.C.]-based counsel try this case in New York suggests that cost considerations are not a concern for the agency in this case." *See Hill Int'l, Inc.*, 2020 WL 2029591, at *7.

choice will command less deference." *Id.* (quoting *SEC v. KPMG*, LLP, No. 03-CV-671 (DLC), 2003 WL 1842871, at *3 (S.D.N.Y. Apr. 9, 2003)).  Where "there is no material connection between this district and the operative facts[,] . . . the interests of justice require the transfer of the action." *Cohn v. Metropolitan Life Ins.*, Co., No. 07 Civ. 0928(HB), 2007 WL 1573874, at *3 (S.D.N.Y. May 31, 2007) (quoting *Weschler v. Macke Int'l Trade, Inc.*, No. 99-CV-5725 (AGS), 1999 WL 1261251, at *10 (S.D.N.Y. Dec. 27, 1999)).  Accordingly, "[t]he weight normally accorded to the plaintiff's choice of forum is diminished substantially where plaintiff has chosen a forum which is neither his home nor the place where the cause of action arose." *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 135 (S.D.N.Y. 1994).

Here, there are no compelling reasons why the SEC chose this forum.  The core of the operative facts, the key witnesses, the SEC's investigative file, the SEC attorneys, and Torchlight are all located in Texas.  The sole fact that the NASDAQ maintains an office in this District is wholly insufficient to tip the scales in favor of staying in this district.  *See Hill Int'l*, 2020 WL 202959, at *8.

### 5.   The Location of Relevant Documents and Relative Ease of Access to Sources of Proof Weigh in Favor of Transfer.

The location of documents and evidence also favors transfer.  "The location of documents 'is clearly an important consideration in motions to transfer.'" *Lexar Media, Inc.*, 415 F. Supp. 2d at 374 (ellipses omitted) (quoting *Berman v. Informix Corp.*, 30 F. Supp. 2d 653, 658 (S.D.N.Y. 1998)).  Here, all relevant documents are likely to be found in the Eastern District of Texas because Torchlight was based in Plano, Texas.  All public filings and statements were made as a result of meetings in Plano, Texas.  *Id.* ¶ 6.  There is no party with documents in New York.  Nor are there any known third-party witnesses with documents in New York.

Further, the location of the SEC's investigation and any evidence gathered as part of that investigation do not weigh in favor of staying in this District.  Any non-electronic documents can easily be sent via fax, scan, or other means.  *See Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. LaFarge N. Am., Inc.*, 474 F. Supp. 2d 474, 484 (S.D.N.Y. 2007) ("The location of relevant documents is a largely neutral factor in today's world of faxing, scanning, and emailing documents."); *see also Jackson v. Avis Rent A Car Sys., LLC*, No. 14-CV-1658 (LLS), 2015 WL 1004299, at *5 (S.D.N.Y. Mar. 6, 2015) ("While technological advances in storing, transferring, and reproducing documents have rendered this factor less important, it cannot be ignored.").  The SEC's investigation was based out of its Fort Worth Regional office—not its New York Regional office.  Brda Decl. ¶ 9.

None of the investigation related to Defendants took place in New York.  For example, Brda produced documents to the SEC that were collected in, and electronically transmitted from, Texas.  Brda Decl. ¶ 8.  Indeed, those documents were sent to SEC counsel in Texas.  *Id.* Additionally, the SEC's investigative file is located in Texas.  Finally, Torchlight was headquartered in Plano, Texas.  *See Oleg Cassini Inc. v. Serta, Inc.*, No. 11 Civ. 8751, 2012 WL 844284, at *9 (S.D.N.Y. Mar. 13, 2012) (holding that the location of the evidence factor weighed in favor of transfer where "[m]ost of the . . . business records that will need to be produced in the course of this litigation" were defendant's, which was headquartered in the transferee district).  As a result, the "location of documents and evidence" factor favors transfer to the Eastern District of Texas.

### 6.    The Eastern District of Texas Has a Local Interest in Litigating this Case.

The Eastern District of Texas has a superior local interest in trying this case.  Courts regularly consider the local interest in having a controversy decided in a particular district.  *See,*

*e.g.*, *Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395 (S.D.N.Y. 2005) ("In the instant case, the trial court must dispose of a controversy arising in Pennsylvania, which will determine the rights of a prominent Pennsylvania institution.  This is an inherently Pennsylvania-based claim . . ..");  *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947) ("Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. . . . There is a local interest in having localized controversies decided at home.").

Here, with Torchlight headquartered in Plano, Texas, the Eastern District of Texas clearly has a superior interest in adjudicating this matter.  Torchlight was a Texas-based business with no nexus to New York.  Torchlight owned assets primarily in Texas.  Brda Decl. ¶ 5.  Torchlight employed only Texas residents and Brda himself.  *Id.* ¶ 7.  Torchlight's former board members also reside in Texas.  Accordingly, this factor supports transfer to the Eastern District of Texas because it has a local interest in litigating this case.

### 7.    Trial Efficiency Favors Transfer of this Case.

Trial efficiency also favors transfer of this case to the Eastern District of Texas.  *See Transatlantic Reins. Co. v. Cont'l Ins. Co.*, No. 03 CIV. 3227 (CBM), 2003 WL 22743829, at *6 (S.D.N.Y. Nov. 20, 2003) (finding trial efficiency favored transfer where defendant demonstrated that "many relevant witnesses and documents [were] located" in transferee district).

Here, none of the relevant witnesses are located in SDNY.  None of the evidence is located in SDNY.  Rather, both are located in Plano, Texas or elsewhere within Texas more convenient to the Eastern District of Texas.  Trying this case in New York, when all of the key witnesses to be called at trial would be traveling from out of state and staying in temporary lodging, would involve logistical and scheduling challenges that could possibly cause trial delays and inefficiencies.

Transferring the case to Texas would not only preserve valuable judicial resources, it would also ensure a quicker resolution of this case.  This District has one of the heaviest caseloads in the

country.  Based on the most recent data from the Administrative Office of the United States Courts, the median time interval from filing to disposition of civil cases that proceed through trial is 61.5 months in SDNY, compared to 21.1 months in the Eastern District of Texas.  *See* Administrative Office of the United States Courts, *Judicial Business of the United States Courts: Table C-5—U.S. District Courts–Civil Federal Judicial Caseload Statistics* (Mar. 31, 2024), *available at* https://www.uscourts.gov/statistics/table/c-5/federal-judicial-caseload-statistics/2024/03/31  (last accessed July 8, 2024).[6]  This factor likewise weighs in favor of transfer.  *See Speedfit LLC v. Woodway USA, Inc.*, 53 F. Supp. 3d 561, 575 (E.D.N.Y. 2014) (citing a 2.5-month differential between courts "weigh[ing] in favor of transfer, but only minimally").

Finally, "given that this action is still 'in its infancy,' the Court [should] find[] that on balance, there will be no efficiency lost in its transfer" to the Eastern District of Texas.  *Alpha Industries*, 2021 WL 2688722, at *8 (Failla, J.); *YLD Ltd. v. Node Firm, LLC*, No. 15 Civ. 855 (JPO), 2016 WL 183564, at *4 (S.D.N.Y. Jan. 14, 2016) ("Given that this case has not proceeded past a dispositive motion, there is no lost efficiency in transferring the case to a different judge.").

### 8.    The Remaining Factors Are Neutral and Do Not Weigh in Favor of Either Venue.

#### a.    The Availability of Process to Compel Attendance of Witnesses Does not Weigh in Favor of Either Venue.

This factor is neutral.  In any action or proceeding instituted by the SEC under the Exchange Act, a subpoena issued to compel the attendance of a witness or the production of documents at a hearing or trial may be served at any place within the United States.  15 U.S.C. §

---

[6] Brda requests the Court take judicial notice of the government website.  *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015) ("As to the seven documents retrieved from official government websites . . . it is clearly proper to take judicial notice.  Courts routinely take judicial notice of such governmental records.") (citations omitted).

78aa.  "If a federal statute provides for nationwide service of process, the jurisdictional reach of an enforcing court is at its fullest—its analysis is limited only by the requirements of due process, and it may consider a party's contacts with the United States as a whole, rather than with the forum state." *Est. of Ungar v. Palestinian Auth.*, 400 F. Supp. 2d 541, 548 (S.D.N.Y. 2005), *aff'd*, 332 F. App'x 643 (2d Cir. 2009) (noting that Exchange Act, like the Anti-Terrorism Act, permits nationwide service of process as to witnesses).  Here, either party can compel witnesses to appear or produce documents in either the SDNY or the Eastern District of Texas, although the expense and burden would be greater if the case remains in this District.

### b.    Neither Venue Has Increased Familiarity with the Governing Law.

The forum's familiarity with the governing law—"one of the least important factors in determining a motion to transfer," *ACE Am. Ins. Co. v. Bank of the Ozarks*, No. 11 Civ. 3146 (PGG), 2012 WL 3240239, at *13 (S.D.N.Y. Aug. 3, 2012) (citation omitted)—is also a neutral factor.  "The SEC brings claims here under federal law.  There is no basis to conclude that this Court or one in a transferee district is materially more familiar than the other with the pertinent doctrine."  *Hill Int'l*, 2020 WL 2029591, at *8; *see also Royal Ins. Co. of Am. v. United States*, 998 F. Supp. 351, 355 (S.D.N.Y. 1998) ("All federal courts are presumed to be fully capable of applying nationally applicable legal principles.").

Here, the SEC brings claims under the Securities Act and the Exchange Act.  Neither court has increased familiarity with the governing law applicable to claims under these statutes.  Accordingly, this factor is neutral.

## V.    CONCLUSION

For the foregoing reasons, Defendant John Brda respectfully requests that the Court transfer this case to the Eastern District of Texas for the convenience of the parties and witnesses,

and in the interest of justice, pursuant to 28 U.S.C. § 1404(a).

Dated:  New York, New York
         August 8, 2024

Respectfully submitted,

DLA PIPER LLP (US)


By:   /s/ Steven M. Rosato
         Steven M. Rosato

1251 Avenue of the Americas
New York, New York  10020
Tel:  (212) 335-4500
steven.rosato@us.dlapiper.com

Jason S. Lewis (*pro hac vice* forthcoming)
Jason M. Hopkins (*pro hac vice* forthcoming)
1900 N. Pearl Street, Suite 2200
Dallas, Texas 75201
Tel.:  (214) 743.4500
jason.lewis@us.dlapiper.com
jason.hopkins@us.dlapiper.com


*Attorneys for Defendant*
 *John Brda*