UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>JOHN BRDA and GEORGIOS PALIKARAS,<br><br>　　　　　　　　　　　　Defendants. | No. 1:24-cv-004806 (KPF)(OTW) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>DEFENDANT GEORGIOS PALIKARAS'S MOTION TO TRANSFER VENUE</u>**

HOLLAND & KNIGHT LLP
787 Seventh Avenue
New York, New York 10019
*Counsel for Defendant Georgios Palikaras*

Defendant Georgios Palikaras ("**Palikaras**") files this memorandum joining in, adopting, and incorporating by reference Defendant John Brda's ("**Brda**") memorandum in support of his Motion to Transfer Venue [ECF No. 18] (the "**Motion**") of the Securities and Exchange Commission's ("**SEC**") Complaint pursuant to 28 U.S.C. § 1404(a).

## ARGUMENT

For the convenience of the parties and witnesses and in the interest of justice, Palikaras agrees that venue should be transferred to the United States District Court for the Eastern District of Texas.

The SEC's Fort Worth regional office, which investigated and will handle the litigation in this action, filed its Complaint in the Southern District of New York ("**SDNY**"), notwithstanding the fact that it alleges Defendants Brda and Palikaras engaged in a scheme to manipulate the stock of Torchlight Energy Resources, Inc. ("**Torchlight**"), a publicly-traded company that was at all relevant times headquartered in Texas in connection with its merger with a Canadian corporation, Metamaterials, Inc. (the "**Merger**"). *See* ECF No. 1 ("**Compl.**"), ¶¶ 1, 17-18; Declaration of John Brda dated August 8, 2024 ("**Brda Decl.**") [ECF No. 19], ¶¶ 3-4. The company that emerged from the Merger and assumed Torchlight's Nasdaq listing, Meta Materials, Inc. ("**Meta**"), is a Nevada corporation headquartered in Nova Scotia, Canada. *See* Compl. ¶ 19. The Complaint also alleges that Palikaras, the former President and CEO of both Metamaterials, Inc. and Meta, is a Greek citizen and resident of Nova Scotia, Canada. *Id.* ¶ 16.

The SEC's allegation that the effects of the alleged scheme touched investors located in this district on the basis that Torchlight's securities were traded on the Nasdaq exchange is generalized and weak. The actual center of the alleged fraud—the allegations about which Palikaras disputes—concerns Texas-based Torchlight and public SEC filings issued from Torchlight's Plano, Texas headquarters. *Id.* at ¶ 39 (referring to allegedly misleading and false

misstatements in Torchlight's May 7, 2021 definitive proxy statement and preliminary proxy statements dated February 4, 2021, March 23, 2021, and April 21, 2021). The relevant filings all indicate that shareholders were directed to submit inquiries and proposals to Torchlight's Board of Directors at Torchlight's headquarters in Plano, Texas. *See* Torchlight, Proxy Statement (Form DEF 14A) (May 7, 2021) (Plano, Texas listed as address for Torchlight's Board of Directors in fairness opinion and as address for Security Ownership of Certain Beneficial Owners and Management); Torchlight, Preliminary Proxy Statement (Form PREM 14A) (Apr. 21, 2021) (same); Torchlight, Preliminary Proxy Statement (Form PREM 14A) (Mar. 23, 2021) (same); Torchlight, Preliminary Proxy Statement (Form PREM 14A) (Feb. 4, 2021) (same).[1] *See also* Brda Decl. ¶ 6. As such, the factual disputes in this case will turn on internal events and communications at Torchlight's headquarters in Texas and will require discovery concerning key documents and witnesses located in Texas. Indeed, the SEC's investigative file, which will be the subject of discovery and contains interview notes, testimony transcripts, and documents obtained from and about Defendants, is in Texas. *Id.* at ¶¶ 7-8.

Moreover, attorneys for all parties are located in Texas. Defense counsel, both engaged based on their particular experience handling SEC investigations and enforcement actions, are located in Texas. *See* Motion at 10. Indeed, SEC counsel handling this litigation and who handled the underlying investigation are located in Texas and work in the agency's Fort Worth, Texas office, where the aforementioned investigative file was assembled and maintained. *See* Brda Decl. ¶ 9; *see also* SEC Press Release, *SEC Charges Former CEOs of Meta Materials with Market Manipulation, Fraud, and Other Violations* (June 25, 2025), available at https://www.sec.gov/enforcement-litigation/litigation-releases/lr-26035. In short, the operative

---

[1] *See Donoghue v. Gad*, No. 21 Civ. 7182 (KPF), 2022 WL 3156181, at *4-5 (S.D.N.Y. Aug. 8, 2022) (noting that courts may take judicial notice of SEC filings).

facts, the key witnesses, and the attorneys are all situated in Texas and not in New York. Neither Defendant is situated in New York either.

Courts in this district have afforded the SEC's chosen forum less deference and granted motions to transfer under very similar facts and circumstances. *See, e.g.*, *SEC v. Hill Int'l, Inc.*, No. 20 Civ. 447 (PAE), 2020 WL 2029591, at *8 (S.D.N.Y. Apr. 28, 2020) ("Insofar as the core of the operative facts, the key witnesses, the defendants, and all counsel are situated in the transferee districts and not in New York, the fact that the securities markets and secondary witnesses (*e.g.*, underwriters) are situated in his *[sic]* District does not coherently explain why the SEC favors this forum."); *City of Pontiac Gen. Empls. Ret. Sys. v. Dell Inc.*, No. 14-CV-3644 (VSB), 2015 WL 12659925, at *6 (S.D.N.Y. Apr. 30, 2015) ("Defendants' alleged misrepresentations and omissions"—nearly all of which occurred at company headquarters in Austin, Texas—"are the gravamen of this case, and, contrary to Plaintiff's arguments, the locus of operative facts is not shifted to New York merely because Dell stock was traded on the NASDAQ and certain analysts who followed Dell were based in New York"); *SEC v. Kearns*, No. 09 Civ. 2296 (DLC), 2009 WL 2030235, at *3 (S.D.N.Y. July 14, 2009) ("If trading on a New York-based stock exchange were enough by itself to avoid transfer of venue to other districts, it would be virtually impossible to transfer SEC enforcement actions involving publicly-traded companies to other districts."). In *Hill*, the court recognized that the SEC had identified "ways in which the scheme touched New York City," including the fact that the company's stock traded on the New York Stock Exchange. *Id.* at *4. Still, the *Hill* court found "the SEC's reasons for choosing this forum are elusive." *Id*. at *8.

Here, the SEC's only stated connection to this district is that Torchlight's stock (and later Meta's stock) traded on Nasdaq, which is headquartered in this district (but also has a Texas

3

office). *See* Compl. ¶¶ 14, 17, 19. That is not a sufficient basis upon which to keep the SEC's action against Palikaras and Brda in this district when the SEC's investigating lawyers, litigation counsel, defense counsel, witnesses, and key documents including the SEC's investigative file materials are located in Texas.

Accordingly, Palikaras joins in, adopts, and deems incorporated by reference herein the motion, memoranda, and supporting papers submitted by Brda to transfer this action to the Eastern District of Texas [ECF Nos. 17-19].

## CONCLUSION

For these reasons, Palikaras respectfully requests that the Court grant his Motion under 28 U.S.C. § 1404(a) and transfer this action to the Eastern District of Texas.

Dated: Dallas, Texas
August 8, 2024

Respectfully submitted,

HOLLAND & KNIGHT LLP

/s/ Kayla A. Joyce
Kayla A. Joyce, Esq.
787 Seventh Avenue, 31st Floor
New York, NY 10019
Tel: (212) 513-3200
Kayla.joyce@hklaw.com

*Counsel for Georgios Palikaras*

HOLLAND & KNIGHT LLP

s/ Jessica B. Magee
Jessica B. Magee, Esq.
One Arts Plaza, 1722 Routh Street, Suite 1500
Dallas, Texas 75201
Tel: (214) 964-9500
Jessica.Magee@hklaw.com

*Counsel for Georgios Palikaras*