**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE META MATERIALS INC. SECURITIES LITIGATION | Case No.: 1:21-cv-07203-CBA-JRC<br><br>**CONSOLIDATED COMPLAINT**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Kaoutar Kajjame, Philip Granite, Ricardo Joseph, Venkateswara Ramireddy, Todd Targgart, and Michael Schultheis (collectively, "Plaintiffs"), individually and on behalf of all other persons similarly situated, by Plaintiffs' undersigned attorneys, for Plaintiffs' Consolidated Complaint against Meta Materials Inc. f/k/a Torchlight Energy Resources, Inc. ("Meta Materials") and certain of its current and former officers, allege the following based upon personal knowledge as to Plaintiffs and Plaintiffs' own acts, and upon information and belief as to all other matters based on the investigation conducted by and through Plaintiffs' attorneys, which included, among other things, a review of Meta Materials' Securities and Exchange Commission ("SEC") filings, public documents, announcements, press releases, as well as media and analyst reports.

Plaintiffs believe that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

**I.     NATURE OF THE ACTION**

1. This is a federal class action lawsuit on behalf of a class consisting of all persons and entities who purchased Meta Materials' publicly traded securities between September 21, 2020



and June 24, 2022 at approximately 12:59 pm EDT, inclusive (the "Class Period"), and were damaged thereby.

2. Meta Materials, as it presently exists, is the result of a reverse merger between Metamaterial Technologies Inc. ("Metamaterial"), a cash-strapped high-tech Canadian company with no commercial products, and Torchlight Energy Resources Inc. ("Torchlight"), a failed oil and gas company with no real value other than the fact it was publicly listed on the NASDAQ stock market. For Torchlight, the merger provided its officers and insiders a lucrative exit strategy from a company on the brink of insolvency. Metamaterial, meanwhile, was able to bypass the normal registration requirements and become a publicly listed company on a U.S.-based exchange with access to desperately-needed capital. The companies and their senior executives promoted the merger to no end, ensuring that their respective shareholders would support it as well as the repeated dilutive equity raises they conducted in the months that followed. What investors did not know at the time was just how *undeveloped* Metamaterial's products were or just how much cash Metamaterial intended to raise through its newfound access to the U.S. public equity markets. The truth about Metamaterial and the merger came to light slowly over the course of the Class Period, initially in response to inquiries about the merger from the SEC and then later through dilutive equity offerings, regulatory enforcement, and analyst research reports. From an intra-Class Period high of $21.76 per share, Meta Materials' stock declined nearly 95% to close at $1.17 per share at the end of the Class Period. Plaintiffs and other Meta Materials investors seek to hold Defendants accountable for these losses.

3. On September 21, 2020, at the start of the Class Period, Torchlight and Metamaterial announced their plans to merge. Meta Materials would be the surviving entity with its shares taking the place of Torchlight on the NASDAQ under the ticker "MMAT". Pursuant to

2

the merger agreement, Torchlight investors would receive 25% of the surviving entity along with additional compensation if and when Meta Materials ever liquidated Torchlight's remaining oil and gas assets.

4. Defendants John Brda, Torchlight's President and Chief Executive Officer, and Greg McCabe, Torchlight's Chairman and largest shareholder, emphatically supported the transaction. They told Torchlight's shareholders at the time that the "combined entity" would "continue to service a clientele of world-class OEM customers for a range of applications in the automotive, aerospace and defense, energy, consumer electronics and medical markets" based on Metamaterial's "proprietary advanced technologies." At the same time, defendant George Palikaras, Metamaterial's Chief Executive Officer, told prospective shareholders about "partnerships" with Fortune 500 companies like Lockheed Martin and how Metamaterial was "now moving toward commercializing products" with "scalable manufacturing methods."

5. Contrary to Defendants' public representations, Metamaterial's products were in their earliest stages of development and nowhere near the point of being ready for "commercializing" or "scaling," let alone profitability. Plus, Metamaterial did not have any "partnerships" with the Fortune 500 companies Palikaras had claimed.

6. Plaintiffs and other Meta Materials investors were not given truthful, accurate, or complete information about Metamaterial or its merger with Torchlight. Instead, they were deprived of their right to the truth and precluded from accurately assessing the risks inherent in investing in Meta Materials. These risks materialized over the course of the Class Period and, in turn, caused Meta Materials' stock price to decline precipitously and investors to sustain significant losses as a result.

7. To recover their losses and the losses of other similarly situated investors, Plaintiffs bring this action under *(i)* Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 [15 U.S.C. §§78j, 78t] and SEC Rule 10b-5 [17 C.F.R. §240.10b-5], *(ii)* Sections 11 and 15 of the Securities Act of 1933 [15 U.S.C. §§77k, 77o], and *(iii)* Section 14(a) of the Securities Exchange Act of 1934 [15 U.S.C. §78n] and SEC Rule 14a-9 [17 C.F.R. §240.14a-9]. Defendants should be held liable under these provisions and required to compensate Meta Materials' shareholders for their losses.

## II.  JURISDICTION AND VENUE

8. The federal law claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act of 1934 [15 U.S.C. §§78j, 78t] and Rule 10b-5 promulgated thereunder by the SEC [17 C.F.R. § 240.10b-5], Sections 11 and 15 of the Securities Act of 1933 [15 U.S.C. §§77k, 77o], and Section 14(a) of the Securities Exchange Act of 1934 [15 U.S.C. §78n] and SEC Rule 14a-9 [17 C.F.R. §240.14a-9].

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, Section 22 of the Securities Act of 1933 [15 U.S.C. §77v], and Section 27 of the Exchange Act of 1934 [15 U.S.C. §78aa].

10. This Court has jurisdiction over each Defendant named herein because each Defendant is an individual who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by the District Court permissible under traditional notions of fair play and substantial justice.

11. Venue is proper in this District pursuant to Section 27 of the Exchange Act of 1934 [15 U.S.C. §78aa], Section 22 of the Securities Act of 1933 [15 U.S.C. §77v], and 28 U.S.C. §1391(b) because certain of the acts alleged herein, including the preparation and dissemination of material false and/or misleading information, occurred in this District.

4

### III. PARTIES

#### A. Plaintiffs

12. Plaintiff Kaoutar Kajjame purchased Meta Materials securities within the Class Period and, as a result, was damaged thereby. Ms. Kajjame's certification evidencing her transactions is incorporated by reference herein. Dkt. No. 21-1 at 2-4.

13. Plaintiff Philip Granite is the rightful assignee of the claims in this lawsuit belonging to Michael Granite, who purchased Meta Materials securities within the Class Period and, as a result, was damaged thereby. Mr. Granite's certification evidencing his and/or Michael Granite's transactions is incorporated by reference herein. Dkt. No. 21-1 at 5-6. Mr. Granite's assignment is also incorporated by reference herein. Dkt. No. 21-1 at 7.

14. Plaintiff Ricardo Joseph purchased Meta Materials securities within the Class Period and, as a result, was damaged thereby. Mr. Joseph's certification evidencing his transactions is incorporated by reference herein. Dkt. No. 21-1 at 8-9.

15. Plaintiff Venkateswara Ramireddy purchased Meta Materials securities within the Class Period and, as a result, was damaged thereby. Mr. Ramireddy's certification evidencing his transactions is incorporated by reference herein. Dkt. No. 29-3.

16. Plaintiff Todd Targgart purchased Torchlight securities within the Class Period, which were converted into Meta Materials stock upon completion of the merger, and, as a result, was damaged thereby. Mr. Targgart's certification evidencing his transactions is filed herewith.

17. Plaintiff Michael Schultheis purchased Torchlight securities within the Class Period, which were converted into Meta Materials stock upon completion of the merger, and, as a result, was damaged thereby. Mr. Schultheis' certification evidencing his transactions is filed herewith.

18. Plaintiffs Kajjame, Granite, and Joseph are the Lead Plaintiff referred to as the "Meta Materials Investor Group" and, together with additional named plaintiffs Ramireddy, Targgart, and Schultheis, are referred to herein as "Plaintiffs".

**B. Defendants**

19. Defendant Meta Materials' principal executive offices are located in Dartmouth, Nova Scotia, Canada. Its stock presently trades on the Nasdaq Capital Market under the ticker "MMAT". Meta Materials was formerly known as Metamaterial prior to its merger with Torchlight. Torchlight, prior to its merger with Meta Materials, traded on the Nasdaq Stock Market under the ticker "TRCH". Meta Materials includes Metamaterial and/or Torchlight when referring to operations prior to the merger.

20. Defendant George Palikaras ("Palikaras") was at all pertinent times the founder and Chief Executive Officer ("CEO") of Meta Materials before and after its merger with Torchlight. Following the merger with Torchlight, Palikaras has served as Meta Materials' CEO, President, and as a Director.

21. Defendant Kenneth Rice ("Rice") was the Chief Financial Officer ("CFO") and Executive Vice President ("EVP") of Meta Materials. Since the merger, Defendant Rice has served as Meta Materials' CFO and EVP.

22. Defendant Greg McCabe ("McCabe") was the Chairman of Torchlight's Board of Directors. McCabe resigned following Torchlight's merger with Meta Materials.

23. Defendant John Brda ("Brda") was Torchlight's President, CEO, Secretary, and a member of Torchlight's Board of Directors. Brda resigned following Torchlight's merger with Meta Materials.

24. Defendants Palikaras, Rice, McCabe, and Brda are referred to as the "Individual

6

Defendants".

25. Meta Materials, together with the Individual Defendants, are referred to as "Defendants".

## IV. FACTUAL BACKGROUND

### A. Torchlight Was a Failing Oil and Gas Company with Little-to-No Prospect of Success.

26. Torchlight began operations in the oil and gas industry in 2010.[1] It described its business model as one "focus[ed] on drilling and working interest programs within the United States that have a short window of payback, a high internal rate of return and proven and bookable reserves. We currently have only one interest in an oil and gas project, the Marcelina Creek Field Development . . . . We anticipate being involved in multiple other oil and gas projects moving forward, pending adequate funding."

27. Torchlight's oil and gas operations were not profitable and, in fact, there was substantial doubt as to its ability to continue as a going concern. In its annual report on Form 10-K for fiscal 2010, Torchlight stated, in relevant part, that:

> ***At December 31, 2010, we had not yet achieved profitable operations, had accumulated losses of $645,302 since our inception, and expect to incur further losses in the development of our business, all of which casts substantial doubt about our ability to continue as a going concern***. Our ability to continue as a going concern is dependent upon our ability to generate future profitable operations and/or to obtain the necessary financing to meet our obligations and repay our liabilities arising from normal business operations when they come due. Management's plan to address our ability to continue as a going concern includes: (1) obtaining debt or equity funding from private placement or institutional sources; (2) obtaining loans from financial institutions, where possible, or (3) participating in joint venture transactions with third parties.

---

[1] Prior to oil and gas, Torchlight operated in the health and fitness industry under the name Pole Perfect Studios, Inc. ("Pole Perfect"). Pole Perfect provided pole dancing aerobic exercise classes, which were of some popularity in the early 2000's. Its popularity waned, however, forcing the need to pivot to another business.

7

which comprise the primary violations about which Plaintiffs and the other members of the Class complain.

256. By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Meta Materials.

## COUNT III

### FOR VIOLATION OF SECTION 11 OF THE SECURITIES ACT
(Against the Meta Materials, Brda, and McCabe)

257. Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein, except for the allegations in Sections V-VIII and Counts I-II, *supra*.

258. This Count is based on negligence and strict liability and does not sound in fraud. Any allegations of fraud or fraudulent conduct and/or motive are expressly excluded from this Count.

259. This count is asserted against Meta Materials, Brda, and McCabe for violations of Section 11 of the Securities Act [15 U.S.C. §77k] on behalf of Plaintiffs and all members of the Class who purchased Meta Materials securities (including Torchlight common stock before the reverse merger was complete) pursuant or traceable to Torchlight's Registration Statement and Prospectus on Form S-3 filed on May 28, 2021 and Prospectus Supplements filed on June 16, 2021 and June 21, 2021 (collectively, the "Registration Statement").

260. Brda and McCabe signed the Registration Statement filed on May 28, 2021.

261. The Registration Statement registered "an indeterminate number or amount of common stock . . . not to exceed $250,000,000."

262. On June 14, 2021, the SEC declared the Registration Statement effective.

263. On June 16, 2021, Meta Materials (which was Torchlight at the time) entered into a sales agreement with Roth Capital Partners, LLC, whereby Meta Materials would offer and sell

pursuant to the Registration Statement shares of its common stock up to an aggregate offering price of $100,000,000.

264. On June 21, 2021, Meta Materials (still operating as Torchlight) amended its sales agreement with Roth Capital Partners, LLC, to increase the aggregate offering price of shares of its common stock under the Registration Statement from $100,000,000 to up to $250,000,000.

265. During the period of June 16, 2021 to June 25, 2021, Meta Materials offered and sold pursuant to the Registration Statement a total of 16,185,805 shares of its common stock for aggregate gross proceeds of approximately $137.5 million.

266. During the same period of June 16, 2021 to June 25, 2021, Meta Materials' stock traded at abnormally high volumes, frequencies, and prices, as illustrated by the historical trading data in the table below:

| Date | Open | High | Low | Close | Adj Close | Volume |
|---|---|---|---|---|---|---|
| 6/16/2021 | 11.62 | 13.52 | 10.66 | 11.98 | 11.98 | 93458350 |
| 6/17/2021 | 10.82 | 11.16 | 9.72 | 10.8 | 10.8 | 32536450 |
| 6/18/2021 | 10.8 | 13 | 10.62 | 12.54 | 12.54 | 37913900 |
| 6/21/2021 | 17.8 | 21.76 | 16.14 | 19.84 | 19.84 | 201314600 |
| 6/22/2021 | 20.12 | 20.42 | 13.76 | 14 | 14 | 111249050 |
| 6/23/2021 | 11.84 | 11.88 | 9.26 | 9.84 | 9.84 | 68454300 |
| 6/24/2021 | 9.86 | 11.54 | 9.5 | 9.5 | 9.5 | 61677100 |
| 6/25/2021 | 10 | 10.76 | 9.6 | 9.9 | 9.9 | 54378450 |

267. The trading volume of Meta Materials' stock between June 16, 2021 and June 25, 2021 was abnormally large. The below chart illustrates Meta Materials' trading volume between April 1, 2021 and August 20, 2021:



268. Meta Materials' offering flooded the market with shares issued pursuant and/or traceable to the Registration Statement. Thus, the vast majority of shares traded between June 16, 2021 and June 25, 2021 were shares issued pursuant and/or traceable to the Registration Statement.

269. Plaintiffs purchased substantial amounts of Meta Materials (Torchlight) stock during the period between June 16, 2021 and June 25, 2021, including but not limited to the following purchases:

    a.    Kaoutar Kajjame

        June 21, 2021    27,218 shares    $9.00/share
        *Total: 27,218 shares @ $244,962*

        June 21, 2021    24,066 shares    $9.84/share
        June 22, 2021    29,418 shares    $9.60/share
        June 22, 2021    11,221 shares    $9.94/share
        *Total: 64,705 shares @ $630,758.98*

    b.    Philip Granite

| | | |
|---|---|---|
| June 22, 2021 | 10,050 shares | $9.89/share |
| June 22, 2021 | 9,956 shares | $9.89/share |

*Total: 20,006 shares @ $197.859.34*

    c.    Ricardo Joseph

| | | |
|---|---|---|
| June 22, 2021 | 12,800 shares | $7.85/share |
| June 22, 2021 | 13,800 shares | $7.85/share |
| June 22, 2021 | 14,200 shares | $7.80/share |

*Total: 40,800 shares @ $319,570*

270. Given that the vast amount of shares traded during the period between June 16, 2021 and June 25, 2021 were shares issued pursuant and/or traceable to the Registration Statement, the shares purchased by Plaintiffs between June 16, 2021 and June 25, 2021 were issued pursuant and/or traceable to the Registration Statement.

271. The Registration Statement incorporated by reference the following documents, all of which had been filed previously with the SEC by Meta Materials (Torchlight):

    a.    Annual Report on Form 10-K for the fiscal year ended December 31, 2020, filed on March 18, 2021;

    b.    Quarterly Report on Form 10-Q for the quarter ended March 31, 2021, filed on May 14, 2021;

    c.    Definitive Proxy Statement on Schedule 14A filed on May 7, 2021 (previously defined as the "Proxy Statement"); and

    d.    our Current Reports on Form 8-K filed on January 6, 2021, January 13, 2021, January 14, 2021, January 22, 2021, January 25, 2021, January 28, 2021, January 29, 2021, February 1, 2021, February 4, 2021, February 8, 2021, February 10, 2021, February 16, 2021, February 22, 2021, March 11,

statements is also a violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

323. By reason of the foregoing, Meta Materials, Brda, and McCabe have violated Section 14(a) of the Exchange Act and Rule 14a-9(a) promulgated thereunder.

## XII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief and judgment as follows:

a. Determining this action to be a class action properly maintained pursuant to Rule 23 of the Federal Rules of Civil Procedure, certifying Plaintiffs as Class Representatives, and designating Lead Counsel as Class Counsel;

b. Awarding compensatory damages in favor of Plaintiffs and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, together with interest thereon;

c. Awarding Plaintiffs and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

d. Awarding such other and further relief as the Court may deem just and proper.

## XIII. JURY TRIAL DEMANDED

Plaintiffs hereby demand a jury trial.

[*Signature blocks on following page*]

| | |
|---|---|
| Dated: August 29, 2022 | LEVI & KORSINSKY, LLP |

/s/ Adam M. Apton
Adam M. Apton
Udeme Ikpe (to be admitted *pro hac vice*)
55 Broadway, 10th Floor
New York, New York 10006
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com
Email: uikpe@zlk.com

*Counsel for the Kaoutar Kajjame, Philip Granite, Ricardo Joseph, Todd Targgart, and Michael Schultheis and Lead Counsel for the Class*

THE ROSEN LAW FIRM, P.A.
Phillip Kim
275 Madison Avenue, 40th Floor
New York, New York 10016
Tel.: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com

*Counsel for Venkateswara Ramireddy*

115

## Certification of Plaintiff Pursuant to Federal Securities Laws

I, __Todd Targgart__ , duly certify and say, as to the claims asserted under the federal
　　　Name

securities laws, that:

1. I have reviewed a complaint filed in the action.

2. I did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this action.

3. I am willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. My transaction(s) in Meta Materials Inc. f/k/a Torchlight Energy Resources, Inc. which are the subject of this litigation during the class period set forth in the complaint are set forth in the chart attached hereto.

5. Within the last 3 years, I have not sought to serve nor have I served as a class representative in any federal securities fraud case.

6. I will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except as ordered or approved by the court, including any award for reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this

__8/29/2022__
Date

__Todd Targgart__
Name

*[signature: Todd Targgart]*
Signature

| Case Name | Meta Materials Inc. f/k/a Torchlight Energy Resources, Inc. |
|---|---|
| Ticker | MMAT |
| Class Period | 09-21-2020 to 06-24-2022 |

| Account 1 |
|---|
| **Client Name** |
| Todd Targgart |

| Date of Transaction | Transaction Type | Quantity | Price per Share |
|---|---|---|---|
| 02-16-2021 | P | 5000 | $ 03.8200 |
| 02-16-2021 | P | 5000 | $ 03.8800 |

## Certification of Plaintiff Pursuant to Federal Securities Laws

I, Michael Schultheis, duly certify and say, as to the claims asserted under the federal securities laws, that:

1. I have reviewed a complaint filed in the action.

2. I did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this action.

3. I am willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. My transaction(s) in Meta Materials Inc. f/k/a Torchlight Energy Resources, Inc. which are the subject of this litigation during the class period set forth in the complaint are set forth in the chart attached hereto.

5. Within the last 3 years, I have not sought to serve nor have I served as a class representative in any federal securities fraud case.

6. I will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except as ordered or approved by the court, including any award for reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this

8/29/22
Date

Michael Schultheis
Name

Signature

| Case Name | Meta Materials Inc. f/k/a Torchlight Energy Resources, Inc. |
|---|---|
| Ticker | MMAT |
| Class Period | 09-21-2020 to 06-24-2022 |

**Account 1**
**Client Name**
Mike Schultheis

| Date of Transaction | Transaction Type | Quantity | Price per Share |
|---|---|---|---|
| 02-24-2021 | P | 400 | $ 02.8450 |