UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------- x
:
SECURITIES AND EXCHANGE :
COMMISSION, :
:
               Plaintiff, :
:
  -against- :    Case No. 1:24-cv-04806 (KPF)
:
:
JOHN BRDA, :
GEORGIOS PALIKARAS, :
:
            Defendants. :
:
------------------------------------------- x

## REPLY MEMORANDUM IN SUPPORT OF
## <u>DEFENDANT JOHN BRDA'S MOTION TO TRANSFER VENUE</u>

                      DLA PIPER LLP (US)

                      Steven M. Rosato
                      1251 Avenue of the Americas
                      New York, New York  10020
                      Tel.:  (212) 335-4500
                      steven.rosato@us.dlapiper.com

                      Jason S. Lewis (admitted *pro hac vice*)
                      Jason M. Hopkins (admitted *pro hac vice*)
                      1900 N. Pearl Street, Suite 2200
                      Dallas, Texas  75201
                      Tel.:  (214) 743-4546
                      jason.lewis@us.dlapiper.com
                      jason.hopkins@us.dlapiper.com


                     *Attorneys for Defendant*
                     *John Brda*

Dated:  September 10, 2024

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................. 1

ARGUMENT ..................................................................................................................... 1

I.    THE LOCUS OF OPERATIVE FACTS IS IN TEXAS, NOT NEW YORK. .................................................................................................. 1

        A.    New York Is Not the Locus. ........................................................................ 2

        B.    Texas Is the Locus of Operative Facts. ...................................................... 4

II.    THE EASTERN DISTRICT OF TEXAS IS THE MORE CONVENIENT FORUM FOR WITNESSES. .................................................... 5

III.    THE EASTERN DISTRICT OF TEXAS IS MORE CONVENIENT FOR THE PARTIES. ................................................................ 7

IV.    THE MEANS OF THE PARTIES FAVORS TRANSFER. ............................... 8

V.    THE PUBLIC INTEREST FACTORS SUPPORT TRANSFER TO THE EASTERN DISTRICT OF TEXAS. .................................................... 9

VI.    THE SEC'S CHOICE OF VENUE HAS LIMITED DEFERENCE. .............................. 10

CONCLUSION ................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Page(s)**

### **Cases**

*In re AtheroGenics Sec. Litig.*,
　No. 05 Civ. 00061, 2006 WL 851708 (S.D.N.Y. Mar. 31, 2006) ..............................................4

*Azari v. B&H Photo Video*,
　No. 06 Civ. 7825 (DLC), 2007 WL 13101 (S.D.N.Y. Jan. 3, 2007) ........................................3

*Barry v. United States*,
　No. 21-CV-7684 (BCM), 2022 WL 4467504 (S.D.N.Y. Sept. 26, 2022) .................................9

*Bent v. Zounds Hearing Franchising, LLC*,
　No. 15 Civ. 6555 (PAE), 2016 WL 153092 (S.D.N.Y. Jan. 12, 2016)..................................3, 4

*CFTC v. EOX Holdings LLC*,
　No. 18 CIV. 8890 (GBD), 2019 WL 5203661 (S.D.N.Y. July 31, 2019) ................................3

*CFTC v. Wilson*,
　27 F. Supp. 3d 517 (S.D.N.Y. 2014).........................................................................................3

*City of Birmingham Firemen's & Policemen's Supplemental Pension Sys. v.
　Pluralsight, Inc.*,
　No. 19 CIV. 7563 (AKH), 2019 WL 12496341 (S.D.N.Y. Oct. 24, 2019) ..............................2

*City of Pontiac Gen. Emps. Ret. Sys. v. Dell Inc.*,
　No. 14 Civ. 3644 (VSB), 2015 WL 12659925 (S.D.N.Y. Apr. 30, 2015) ................................2

*In re Collins & Aikman Corp. Sec. Litig.*,
　438 F. Supp. 2d 392 (S.D.N.Y. 2006).......................................................................................5

*In re Energy Transfer Sec. Litig.*,
　No. 22 CIV. 4614 (AKH), 2022 WL 17477854 (S.D.N.Y. Nov. 7, 2022)...............................4

*Enigma Software Grp. USA, LLC v. Malwarebytes, Inc.*,
　260 F. Supp. 3d 401 (S.D.N.Y. 2017).................................................................................1, 10

*Erickson v. Corinthian Colleges, Inc.*,
　No. 13 CIV. 4308 PKC, 2013 WL 5493162 (S.D.N.Y. Oct. 1, 2013) .....................................5

*Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*,
　928 F. Supp. 2d 735 (S.D.N.Y. 2013).......................................................................................5

*In re Global Cash Access Holdings, Inc. Sec. Litig.*,
　No. 08 CV. 3516, 2008 WL 4344531 (S.D.N.Y. Sept. 18, 2008) ............................................9

*In re Hanger Orthopedic Group, Inc. Sec. Litig.*,
 418 F. Supp. 2d 164 (E.D.N.Y. 2006) ....................................................................................4

*Herbert Ltd. P'ship v. Electronic Arts Inc.*,
 325 F. Supp. 2d 282 (S.D.N.Y. 2004)..................................................................................5, 6

*Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*,
 419 F. Supp. 2d 395 (S.D.N.Y.2005)...........................................................................6, 9, 10

*Laborers Local 100 & 397 Pension Fund v. Bausch & Lomb Inc.*,
 06 CIV. 1942 (HB), 2006 WL 1524590 (S.D.N.Y. June 5, 2006) ............................................2

*Liberty Mut. Ins. Co. v. Fairbanks Co.*,
 17 F. Supp. 3d 385 (S.D.N.Y. 2014)........................................................................................7

*McGraw-Hill Cos Inc. v. Jones*,
 No. 12-cv-7085, 2014 WL 988607 (S.D.N.Y. Mar. 12, 2014)..................................................6

*Pence v. Gee Grp., Inc.*,
 236 F. Supp. 3d 843 (S.D.N.Y.2017)........................................................................................2

*Ritchie Capital Mgmt., LLC v. U.S. Bank Nat. Ass'n*,
 No. 14 Civ. 8513 (PAE), 2015 WL 1611391 (S.D.N.Y. Apr. 10, 2015)..................................8

*Schweitzer v. Nevels*,
 669 F. Supp. 3d 242 (S.D.N.Y. 2023).....................................................................................10

*SEC v. Am. Renal Assoc. Holdings*,
 No. 21-CV-10366 (JPO), 2022 WL 1166087 (S.D.N.Y. Apr. 20, 2022) ......................6, 8, 10

*SEC v. Dishinger*,
 No. 1:22-CV-3258-TWT, 2023 WL 2763120 (N.D. Ga. Apr. 3, 2023)...................................4

*SEC v. Hill Int'l, Inc.*,
 No. 20 CIV. 447 (PAE), 2020 WL 2029591 (S.D.N.Y. Apr. 28, 2020)......................... passim

*SEC v. Kearns*,
 No. 09 Civ. 2296 (DLC), 2009 WL 2030235 (S.D.N.Y. July 14, 2009).................................2

*SEC v. Milton*,
 No. 21-CIV-6445 (AKH), 2022 WL 3156180 (S.D.N.Y. Aug. 8, 2022) ............................3, 4

*Travelers Prop. Cas. Co. of Am. v. Ocean Reef Charters LLC*,
 324 F. Supp. 3d 366 (W.D.N.Y. 2018)....................................................................................2

## **Statutes and Rules**

28 U.S.C. § 1404(a) ................................................................................................1, 5, 10

Fed. R. Civ. P. 24 ....................................................................................................................4

## **INTRODUCTION**

The Securities and Exchange Commission (the "**SEC**") filed the Complaint against John Brda and Georgios Palikaras ("**Defendants**") alleging that Defendants intended to effectuate an unsuccessful short squeeze through a planned and disclosed merger of Torchlight Energy Resources, Inc ("**Torchlight**") with Metamaterial, Inc. and the company that resulted from the Torchlight-Meta I Merger, Meta Materials, Inc.  Torchlight was a Texas company, based in the Eastern District of Texas and, as detailed in Brda's Motion to Transfer Venue (ECF No. 18; the "**Motion**"), transfer to the Eastern District of Texas for the convenience of the parties and witnesses, and in the interest of justice is warranted pursuant to 28 U.S.C. § 1404(a).

In short, the Complaint does not allege a distinguishable connection to the Southern District of New York ("**SDNY**" or this "**District**").  The same holds true with the SEC's Opposition to the Motion (ECF No. 32); despite its injection of irrelevant matters, the Opposition does not conjure up any unique and cognizable connection to this District.  Indeed, the SEC **concedes** SDNY is not a "central location where all or most of the operative facts occurred," Opp. at 18, nor does it "dispute that this action could have been brought in the [Eastern District of] Texas." *Id.* at 12 n.11. Brda has clearly evidenced that the relevant factors weigh heavily in favor of a transfer to the Eastern District of Texas, the location of the alleged activity, and the headquarters of Torchlight at that time.  Thus, Brda requests the Court grant the Motion.

## **ARGUMENT**

### **I.    THE LOCUS OF OPERATIVE FACTS IS IN TEXAS, NOT NEW YORK.**

"The locus of operative facts is a 'primary factor in determining a § 1404(a) motion to transfer.'"  *SEC v. Hill Int'l, Inc.*, No. 20 CIV. 447 (PAE), 2020 WL 2029591, at *4 (S.D.N.Y. Apr. 28, 2020) (quoting *Enigma Software Grp. USA, LLC v. Malwarebytes, Inc.*, 260 F. Supp. 3d 401, 409 (S.D.N.Y. 2017)).  The SEC argues that in "there is no central location where all or most

operative facts occurred," Opp. at 13, and so this factor should be "viewed [] neutrally." *Id.* at 19 (quoting *Travelers Prop. Cas. Co. of Am. v. Ocean Reef Charters LLC*, 324 F. Supp. 3d 366, 381 (W.D.N.Y. 2018)).

However, the SEC's own case undermines its position. In *Travelers Prop.*, the court granted transfer to Florida because "whether or not Florida is the only loci of operative facts, or even the primary one, it appears to have a greater connection [] than New York." *Id.* at 381–82; *see also Pence v. Gee Grp., Inc.*, 236 F. Supp. 3d 843, 855 (S.D.N.Y.2017) ("Given the fact that New York is at best one of several loci of operative facts, this factor provides little reason to deny transfer."). So too is true here. Texas has a much stronger connection with the operative facts than New York or any other forum because all or most of the operative facts occurred in Texas.

### A.     New York Is Not the Locus.

The purported contacts with this District that the SEC relies on are non-specific to SDNY. First, the SEC relies on Torchlight's Nasdaq listing, which is headquartered in New York. *See* Opp. at 19 (romanettes (i) and (ii)). But courts in this District have specifically denied this line of reasoning.[1] Second, the SEC purports to rely on conduct related to investors in this District. *See*

---

[1] *See, e.g.*, *City of Birmingham Firemen's & Policemen's Supplemental Pension Sys. v. Pluralsight, Inc.*, No. 19 CIV. 7563 (AKH), 2019 WL 12496341, at *2 (S.D.N.Y. Oct. 24, 2019) ("a listing on the NASDAQ and the involvement of third-party financial entities . . . do not change the locus of the dispute"); *SEC v. Kearns*, No. 09 Civ. 2296 (DLC), 2009 WL 2030235, at *3 (S.D.N.Y. July 14, 2009) ("The only operative fact mentioned in the SEC's complaint that took place in this district was that [the company's] shares were traded on the NASDAQ. That fact alone, however, hardly demonstrates that the operative facts that are central to this complaint took place in this forum."); *City of Pontiac Gen. Emps. Ret. Sys. v. Dell Inc.*, No. 14 Civ. 3644 (VSB), 2015 WL 12659925, at *6 (S.D.N.Y. Apr. 30, 2015) ("Defendants' alleged misrepresentations and omissions"—nearly all of which occurred at company headquarters in Austin, Texas—"are the gravamen of this case, and, contrary to Plaintiff's arguments, the locus of operative facts is not shifted to New York merely because Dell stock was traded on the NASDAQ and certain analysts who followed Dell were based in New York."); *Laborers Local 100 & 397 Pension Fund v. Bausch & Lomb Inc.*, 06 CIV. 1942 (HB), 2006 WL 1524590, at *4 (S.D.N.Y. June 5, 2006).

Opp. at 19 (romanettes (iii) and (iv)). But again, Torchlight's public statements reached investors indiscriminately everywhere, including Texas; nothing was specifically directed at New York or specifically at this District.[2]   Finally, the SEC's reliance on the alleged residency of an Audit Committee member is equally unavailing.  *See* Opp. at 19 (romanette (v)).  The SEC's own evidence does not support its factual assertion.  The Audit Committee oversaw "accounting and financial reporting processes and audits of [Torchlight's] financial statements"—not the public filings.  ECF No. 33-4 at 9 (Torchlight 2020 Form 10-K).[3]  The SEC can't now backtrack on its own Complaint, which alleges that Brda was responsible for approving public filings.[4]

The SEC asserts that "[c]ourts have found material connections to this District based on similar facts."  Opp. at 19 (citing *CFTC v. Wilson*, 27 F. Supp. 3d 517 (S.D.N.Y. 2014); *SEC v. Milton*, No. 21-CIV-6445 (AKH), 2022 WL 3156180 (S.D.N.Y. Aug. 8, 2022).  However, both cases are inapposite and factually distinct.  In *Wilson*, "the CFTC ha[d] alleged substantial contact with a number of New York-based entities and that the price manipulations in question occurred in this district" and the clearinghouses on which futures contracts were registered "were involved in ***all aspects*** of the [futures contract], including its creation, the rules governing its trading, and its pricing."  *Id.* at 538 (emphasis added).  That is simply not the case here.  *See CFTC v. EOX*

---

[2] *See, e.g.*, *Hill Int'l*, 2020 WL 2029591, at *5; *Bent v. Zounds Hearing Franchising, LLC*, No. 15 Civ. 6555 (PAE), 2016 WL 153092, at *5 (S.D.N.Y. Jan. 12, 2016) ("Misrepresentations and omissions are deemed to 'occur' in the district where they are transmitted or withheld, not where they are received." (citation omitted)); *Azari v. B&H Photo Video*, No. 06 Civ. 7825 (DLC), 2007 WL 13101, at *2 (S.D.N.Y. Jan. 3, 2007) (where "the critical decisions that underlie the plaintiffs' claims were made outside New York, the plaintiffs' choice of forum is entitled to reduced deference").

[3] Another member of the Audit Committee resides in Texas.  *See* ECF No. 33-4 at 7.

[4] *See* Compl. ¶¶ 15, 30, 40, 44.

*Holdings LLC*, No. 18 CIV. 8890 (GBD), 2019 WL 5203661, at *5 (S.D.N.Y. July 31, 2019) (distinguishing *Wilson*; granting transfer from SDNY to the Southern District of Texas).

*Milton*, which is seemingly the SEC's primary case, is even more distinguishable. *See* Opp. at 14, 18, 19, 21, 26, 28. In *Milton*, the SEC alleged that the defendant engaged in conduct in the District that "substantially contributed to effectuating the fraudulent scheme charged," unlike Brda here who did nothing, and is not alleged to have done anything, in this District. *Milton*, 2022 WL 3156180, at *6. Notably, the defendant in *Milton* had previously been indicted and faced pending criminal charges in the SDNY. *Id.* at *1. The court's order denying transfer also granted the United States of America's motion to intervene, pursuant to Fed. R. Civ. P. 24, and fully stayed the civil case pending the outcome of the criminal proceedings. *Id.* The facts here are decisively different and numerous courts have refused to extend *Milton*. *See, e.g.*, *In re Energy Transfer Sec. Litig.*, No. 22 CIV. 4614 (AKH), 2022 WL 17477854, at *4 (S.D.N.Y. Nov. 7, 2022) (distinguishing *Milton*; granting transfer from SDNY to the Northern District of Texas); *SEC v. Dishinger*, No. 1:22-CV-3258-TWT, 2023 WL 2763120, at *3 (N.D. Ga. Apr. 3, 2023) (distinguishing *Milton*; granting transfer).

### B.   Texas Is the Locus of Operative Facts.

"While there is 'no per se rule requiring or presumptively favoring the transfer of a securities-fraud action to the district where the issuer is headquartered,' such transfers to the issuer's home district are routine 'as a practical matter.'" *In re AtheroGenics Sec. Litig.*, No. 05 Civ. 00061, 2006 WL 851708, at *3 (S.D.N.Y. Mar. 31, 2006) (quoting *In re Hanger Orthopedic Group, Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 168–69 (E.D.N.Y. 2006) (collecting cases)); *see also Bent v. Zounds Hearing Franchising, LLC*, No. 15-cv6555, 2016 WL 153092, at *5 (S.D.N.Y. Jan. 12, 2016) (finding "[m]isrepresentations and omissions are deemed to 'occur' in the district where

4

they are transmitted or withheld, not where they are received'" and "the most reasonable inference" is that "the alleged misrepresentations" occurred where the defendant maintains headquarters).

"[T]he locus of operative events in a securities action is where the alleged misrepresentations were made. In a securities lawsuit, the alleged 'misrepresentations are deemed to occur in the district where the misrepresentations are issued or the truth is withheld, not where the statements at issue are received.'" *City of Pontiac Gen. Emp. Ret. Sys.*, 2010 WL 2035130 at *4 (quoting *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 397 (S.D.N.Y. 2006)). When the alleged misrepresentations are disseminated from a company's headquarters, that location serves as the locus of operative facts. *See Erickson v. Corinthian Colleges, Inc.*, No. 13 CIV. 4308 PKC, 2013 WL 5493162, at *6–7 (S.D.N.Y. Oct. 1, 2013). Here, the primary alleged misrepresentations (*i.e.*, Torchlight's public filings) in this case were disseminated from Torchlight's headquarters in the Eastern District of Texas. *See* Compl. ¶¶ 6, 31, 34, 39, 43. Torchlight's May 7, 2021 definitive proxy statement, as well as other relevant filings, explicitly stated all proxies were being issued by the board from Torchlight's headquarters: 5700 W. Plano Parkway, Suite 3600 Plano, Texas 75093. Because Torchlight, its assets, and its employees were all located in Texas, any relevant conduct necessarily also occurred in Texas. Thus, the locus of operative facts—a "primary factor"—strongly supports transfer to the Eastern District of Texas. *See Hill Int'l*, 2020 WL 2029591, at *4.

## II. THE EASTERN DISTRICT OF TEXAS IS THE MORE CONVENIENT FORUM FOR WITNESSES.

The convenience of witnesses "has often been described as the single most important § 1404(a) factor." *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 743 (S.D.N.Y. 2013). "When assessing the convenience of witnesses, a court does not merely tally the number of witnesses who reside in the current forum in comparison to the number located

5

in the proposed transferee forum." *Herbert Ltd. P'ship v. Electronic Arts Inc.*, 325 F. Supp. 2d 282, 286 (S.D.N.Y. 2004). "Instead, the court must qualitatively evaluate the materiality of the testimony that the witnesses may provide." *Id.* In conducting this analysis, the Court "weighs more heavily the convenience of non-party witnesses than party witnesses." *McGraw-Hill Cos Inc. v. Jones*, No. 12-cv-7085, 2014 WL 988607, at *7 (S.D.N.Y. Mar. 12, 2014).

The SEC's attempt to round up potential witnesses residing outside of the Eastern District of Texas is of no import. Opp. at 16. To be clear, the test is materiality. *See Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395, 404 (S.D.N.Y.2005) ("[O]nly material witnesses are afforded substantial weight in the balancing calculus."). In that vein, the SEC identifies **one single witness** it alleges is material and that purportedly resides in this District: "the New York Board Member." *See* ECF No. 33 at ¶ 6. But this individual is not even named in the Complaint or referred to by title or reference. *See SEC v. Am. Renal Assoc. Holdings*, No. 21-CV-10366 (JPO), 2022 WL 1166087, at *3 (S.D.N.Y. Apr. 20, 2022) ("Though the SEC named three New York-based witnesses—the Chair of ARA's Audit Committee, a Centerbridge Employee, and an investment analyst (Dkt. No. 29 at 10)—that it would call to testify at trial, these witnesses were not identified by name in the Complaint and, more importantly, none of them are alleged to have firsthand knowledge of the fraudulent scheme described in the Complaint."). The SEC's listing of witnesses in "Massachusetts, Maine, Iowa, Florida, California, Wyoming, and Canada," Opp. at 11, should not be weighed because "[t]he convenience of witnesses who reside in neither the current nor the transferee forum is irrelevant when considering a motion to transfer." *Herbert Ltd. P'ship*, 325 F. Supp. 2d at 288.

As the SEC concedes, Torchlight's former CFO resides in the Eastern District of Texas, he will be a witness, and "has similarly relevant and material knowledge" as the former board member

in New York. Opp. at 32. Further, Torchlight's 2020 Form 10-K even identifies the former CFO as a "Key Torchlight Business Attributes" and an "Experienced Pe[rson]," along with Brda.[5] In addition, it is undisputed that two other former Torchlight board members, who are material witnesses, reside in the immediately adjacent districts to the Eastern District of Texas. Opp. at 18; *see also* Brda Supp. Decl ¶ 3. The Complaint even specifically identifies one of the Texas residents (*i.e.*, the Chairman). Compl. ¶¶ 32, 78; *see also* ECF No. 33-4 at 7. And, finally, former Torchlight employees are witnesses that reside in close proximity to the Torchlight headquarters at that time in Plano, Texas.

Accordingly, for the convenience of the material witnesses, the scales are clearly tipped in favor of transfer to the Eastern District of Texas.

### III. THE EASTERN DISTRICT OF TEXAS IS MORE CONVENIENT FOR THE PARTIES.

"The convenience of the parties favors transfer when transfer would increase convenience to the moving party without generally increasing the inconvenience to the non-movant." *Liberty Mut. Ins. Co. v. Fairbanks Co.*, 17 F. Supp. 3d 385, 389 (S.D.N.Y. 2014).

Here, the SEC even admits its level of inconvenience would be the same as result of a transfer to the Eastern District of Texas. *See* Opp. at 15 ("neither venue is more convenient for . . . the SEC"). Crucially, Brda provided unrebutted declaration evidence of the inconvenience he would incur by proceeding in this District. The SEC cannot simply brush the evidence aside and declare that Brda is not inconvenienced in this District.[6] Neither Brda nor Palikaras reside in New

---

[5] Torchlight's 2020 Form 10-K at 7.

[6] The SEC's insertion of a lawsuit "unrelated to this case" is irrelevant. Opp. at 15; ECF No. 33-3. Brda's Petition to Compel Disclosure was brought pursuant to § 3102(c) of the New York Civil Practice Law and Rules. *See id.* In other words, despite the inconvenience of proceeding in New York, Brda's suit likely could not have been brought in a more convenient forum (or any other forum).

7

York, nor do either have any unique connection to the SDNY. Moreover, the SEC Ft. Worth Office (the SEC office and attorneys bringing this case) is approximately forth-five (45) miles to the Eastern District of Texas, Plano Division and less than ninety (90) miles to the Eastern District of Texas, Sherman Division. *See* ECF No. 33-1 at 1–3. Rather than the 1,500-mile flight to this District, counsel of record for Defendants are less than twenty (20) miles from the Eastern District of Texas, Plano Division.[7]

"Under such circumstances, this factor 'clearly' supports a transfer." *Ritchie Capital Mgmt., LLC v. U.S. Bank Nat. Ass'n*, No. 14 Civ. 8513 (PAE), 2015 WL 1611391, at *5 (S.D.N.Y. Apr. 10, 2015) ("No party resides in New York or has any apparent connection to New York . . . A transfer, on balance, would therefore be much more convenient for the defendant, while not enhancing (or hindering) plaintiffs' convenience.").

### IV. THE MEANS OF THE PARTIES FAVORS TRANSFER.

Brda provided evidence of the hardship he would suffer. *See* ECF No. 19 at ¶ 11. The SEC contends that Brda has not established that this factor weighs in favor of transfer because he was a former CEO, has legal representation, and may have insurance coverage. Opp. at 15. But courts in this District have expressly rejected the same arguments the SEC is now advancing. *See, e.g.*, *Am. Renal Assoc. Holdings*, 2022 WL 1166087, at *4; *Hill Int'l*, 2020 WL 2029591, at *7.

Nor does the SEC make any argument that its means are limited. Indeed, the fact that Fort Worth-based counsel are bringing this case in New York suggests that cost considerations are not a major factor for the agency here. *See Am. Renal Assoc. Holdings*, 2022 WL 1166087, at *4. This factor, admittedly of less importance, favors transfer.

---

[7] *See* http://www.dlapiper.com/en-us/locations/dallas; http://www.hklaw.com/en/offices/dallas.

## V.   THE PUBLIC INTEREST FACTORS SUPPORT TRANSFER TO THE EASTERN DISTRICT OF TEXAS.

The "public interest" factors all support transfer to the Eastern District of Texas: (1) Texas courts have greater familiarity with commercial reasonableness to sell oil and gas assets; (2) judicial economy favors transfer to the Eastern District of Texas; and (3) the Eastern District of Texas has a localized interest.

*First*, the law is clear that the Eastern District of Texas is equally capable of interpreting the federal securities laws as this Court. The SEC alleges "Brda misrepresented in Torchlight's public filings that Torchlight would make 'commercially reasonable efforts' to sell its oil and gas assets." Compl. ¶ 68. What constitutes commercially reasonable efforts to sell oil and gas assets is an issue that courts in Texas have more familiarity and more routinely handle. *See Barry v. United States*, No. 21-CV-7684 (BCM), 2022 WL 4467504, at *7 (S.D.N.Y. Sept. 26, 2022) (granting transfer to Southern District of Texas; familiarity "weighs slightly in favor of transfer").

*Second*, judicial economy supports transfer. "In considering trial efficiency, a district court may pay some mind to relative levels of docket congestion in the prospective transferor and transferee districts." *In re Global Cash Access Holdings, Inc. Sec. Litig.*, No. 08 CV. 3516 (SWK), 2008 WL 4344531, at *7 (S.D.N.Y. Sept. 18, 2008); *see also Indian Harbor Ins. Co.*, 419 F. Supp. 2d at 407. The SEC cites, Opp. at 25, to this Court's recent decision in *Sadiant, Inc. v. Penstock Consulting, LLC*, to support denying transfer on judicial economy grounds. No. 23 CIV. 7872 (KPF), 2024 WL 2847195 (S.D.N.Y. May 30, 2024). But in *Sadiant* the Court held that it "[need] not consider arguments about the parties' private interests, and may consider arguments about public-interest factors only" because there was a forum-selection clause, which specifically provided for exclusive jurisdiction in this District. *Id.* at *14. Indeed, "the presence of a valid forum-selection clause requires district courts to adjust their usual [Section] 1404(a) analysis,"

9

because "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* The SEC does not contend that any forum-selection clause is implicated, nor could it. The SEC's reliance on *Sadiant* is misplaced.

***Third***, the Eastern District of Texas has a localized interest in deciding this controversy for numerous reasons. The SEC's assertion that the headquarters of Torchlight and the location of its employees and its assets "is irrelevant," Opp. at 26, misstates the law. *See Schweitzer v. Nevels*, 669 F. Supp. 3d 242, 249 (S.D.N.Y. 2023) ("it is appropriate to find that Pennsylvania has a local interest in a controversy involving how a Pennsylvania company treated Pennsylvania-based employees"); *Indian Harbor Ins. Co.*, 419 F. Supp. 2d at 407. Torchlight was a Texas company with Texas assets and Texas employees.

In sum, the public interest factors weigh in favor of transfer to the Eastern District of Texas.

## VI.     THE SEC'S CHOICE OF VENUE HAS LIMITED DEFERENCE.

"Although plaintiff's choice of forum is accorded considerable weight in the § 1404(a) balancing test, that choice merits less deference where, as here, the connection between the case and the chosen forum is minimal." *Enigma Software Grp. USA, LLC*, 260 F. Supp. 3d at 411–12 (internal citations omitted); *see also Hill Int'l*, 2020 WL 2029591, at *8 (same; noting "the SEC's reasons for choosing this forum are elusive"). As set forth above, *supra* Section I, the SDNY does not have any unique connection to this case. "Accordingly, the SEC's choice of forum cannot alone shift, or even come close to shifting, the balance of factors so as to favor this District." *Am. Renal Assoc. Holdings*, 2022 WL 1166087, at *5.

## CONCLUSION

For the foregoing reasons, Defendant John Brda respectfully requests that the Court transfer this case to the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a).

Dated:  New York, New York
       September 10, 2024

Respectfully submitted,

DLA PIPER LLP (US)


By:   */s/ Steven M. Rosato*
       Steven M. Rosato

1251 Avenue of the Americas
New York, New York  10020
Tel:  (212) 335-4500
steven.rosato@us.dlapiper.com

Jason S. Lewis (admitted *pro hac vice*)
Jason M. Hopkins (admitted *pro hac vice*)
1900 N. Pearl Street, Suite 2200
Dallas, Texas 75201
Tel.:  (214) 743.4500
jason.lewis@us.dlapiper.com
jason.hopkins@us.dlapiper.com


*Attorneys for Defendant*
 *John Brda*

11