# Holland & Knight

One Arts Plaza | 1722 Routh Street, Suite 1500 | Dallas, TX 75201-2532 | T 214.964.9500 | F 214.964.9501
Holland & Knight LLP | www.hklaw.com

Jessica B. Magee
+1 214-969-1375
Jessica.Magee@hklaw.com

October 10, 2024

**VIA ECF AND EMAIL (Failla_NYSDChambers@nysd.uscourts.gov)**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

  Re: *SEC v. Brda et al.*, No. 1:24-cv-04806-KPF
    Pre-Motion Letter for Georgios Palikaras's Anticipated Motion to Dismiss

Dear Judge Failla:

  We are counsel for Defendant Georgios Palikaras ("Palikaras") and, pursuant to Rule 4.A of Your Honor's Individual Rules of Practice in Civil Cases, we respectfully seek leave to file a motion, pursuant to FRCP 12(b)(6), to dismiss all claims against Palikaras for the reasons below.[1] After conferring, the SEC is not opposed to the leave requested herein.

**Background**

  The SEC's enforcement action against Brda and Palikaras (collectively, "Defendants") arises from the novel theory that Defendants engaged in a scheme to manipulate the market by intending to create a short squeeze – which the SEC fails to allege materialized – in the stock of Torchlight Resources, Inc. ("Torchlight") via the offering of a preferred dividend ("Dividend") and then take advantage of its "artificially inflate[d]" stock price through an at-the-market offering ("ATM Offering").

  The claims against Palikaras are based on four disclosure issues: (i) a March 2021 investor conference ("Conference"); (ii) a May 2021 private discussion with a few Torchlight investors ("Private Discussion"), secretly recorded and later discussed and circulated by others on social media ("Recorded Call"); (iii) a June 2021 tweet of athletic shorts ("Shorts Tweet"); and (iv) a June 2021 tweet recirculating truthful information about the Dividend record date ("T+2 Tweet").

---

[1] We also incorporate by reference Defendant John Brda's ("Brda") Request for Pre-Motion Conference on Anticipated Motion to Dismiss, dated October 10, 2024.

Atlanta | Austin | Birmingham | Boston | Century City | Charlotte | Chattanooga | Chicago | Dallas | Denver | Fort Lauderdale
Houston | Jacksonville | Los Angeles | Miami | Nashville | Newport Beach | New York | Orlando | Philadelphia
Portland | Richmond | San Francisco | Stamford | Tallahassee | Tampa | Tysons | Washington, D.C. | West Palm Beach

The Honorable Katherine Polk Failla
October 10, 2024
Page 2

**The SEC Fails to Plead Scheme Liability Under Sections 10(b) or Section 17(a)**

Section 17(a)(1) and (3) and Rule 10b-5(a) and (c) trigger scheme liability when a defendant "performed an inherently deceptive act that was distinct from the alleged misstatement, *i.e.*, sham agreements, sham transactions, sham companies[.]" *In re Turquoise Hill Resources Ltd. Sec. Litig.*, 526 F. Supp. 3d 164, 253 (S.D.N.Y. 2022); *see also Onel v. Top Ships, Inc.*, 806 Fed. Appx. 64, 67-68 (2d Cir. 2020) (summary order) (no deceptive act where reverse stock splits were "fully disclosed to the market" and "approved by shareholder vote"). Scheme liability claims cannot rest on "misstatements and omissions alone." *SEC v. Rio Tinto*, 41 F.4th 47, 54 (2d Cir. 2022). The SEC's scheme liability claims fall short for two reasons.

*First*, the Dividend and ATM Offering were not shams and were also fully disclosed to the market. *Wilson v. Merrill Lynch*, 671 F.3d 120, 130 (2d Cir. 2011). In multiple SEC filings, Torchlight disclosed the details of the merger structure and the nature of the Dividend, including that the Dividend would not be registered or freely transferable and would be payable "immediately prior" to the merger closing. For a company known to have a significant short interest, disclosure made it "immediately" clear that a short squeeze was a potential "consequence" of the Dividend. *In re Overstock Sec. Litig.*, No. 19 Civ. 709, 2020 WL 5775845, at *8, 10 (D. Utah Sept. 28, 2020) (no duty to disclose the obvious). And contrary to the SEC's allegations, three filings describe the ATM offering, intent to raise capital of up to $250 million, and the ATM's attendant risks – including dilution to shareholders and requiring shorts to cover their positions.[2]

*Second*, the SEC improperly imputes non-party Meta Material, Inc. ("Meta I") and its board of directors' approval of the merger to Palikaras, but fails to allege he misled or improperly controlled Meta I, or that its board breached duties in connection with the merger.[3] Meta I was a public company, followed corporate formalities under Canadian law, and approved the merger with advice from independent legal and financial advisors. The SEC cannot plead scheme liability as to Palikaras based on Meta I's alleged actions or inactions.

**The SEC Fails to Plead Misrepresentations and Omissions Actionable Under Sections 10(b) or Section 17(a)**

The SEC's disclosure-based claims are not actionable.

*First*, the SEC engages in impermissible group pleading regarding the Conference. *See Regnante v. Sec. & Exch. Offs.*, 134 F. Supp. 3d 749, 771 (S.D.N.Y. 2015) (clumping defendants together in vague allegations fails Rule 9(b)). The SEC does not allege Palikaras made (or failed to make) *any* statement at the March 2021 conference, much less a materially misleading one.

---

[2] To the extent the SEC takes the position that the public disclosures were inherently deceptive because they failed to disclose the intent for the Dividend to result in the short squeeze, the SEC is attempting to impose a duty that is not recognized by the law. *See Doyle v. Milton*, 73 F. Supp. 281, 286 (S.D.N.Y. 1947) (failure to disclose selfish motive in public filing did not make statement false where selfish motive could be inferred). In addition, the SEC actually alleges that Palikaras *did* disclose an intended short squeeze via the Shorts Tweet.

[3] Torchlight Energy Res., Definitive Proxy Statement (DEFM14A) (May 7, 2021), at 103.

The Honorable Katherine Polk Failla
October 10, 2024
Page 3

*Second*, the SEC does not allege the Shorts Tweet was false and misleading.  Rather, the SEC's claim is based merely on the theory that certain social media users interpreted it as Palikaras disclosing his intent for the Dividend to result in short squeeze, the intent the SEC also alleges Palikaras failed to disclose. Compl. ¶ 65.  This fails to state a claim.

*Third*, the SEC admits Palikaras shared <u>accurate</u> information in the T+2 Tweet, reflecting a rule in place at the time. Compl. ¶ 90.  Repeating accurate information is not unlawful.

*Fourth*, the SEC attempts to paint Palikaras as the "maker" of statements to an online audience with whom Palikaras never communicated.  *See id.* at ¶¶ 50, 86.  Yet, the SEC fails to allege how Palikaras had "ultimate authority" over a social media user's Stockwits post *about* the Recorded Call or the Recorded Call itself, which was created and disseminated by an unidentified social media user. *Janus Capital Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 142 (2011) (defining a "maker" as one with "ultimate authority over the statement").

*Fifth*, the SEC fails to allege that Palikaras's off-the-cuff statements in the Private Discussion were material.  Palikaras's oral assurances of the Dividend value contradicted any sensible reading of Torchlight's public disclosures. *Olkey v Hyperion 1999 Term Tr., Inc.*, 98 F.3d 2, 4 (2d Cir 1996) ("Representations made by the defendants at the roadshows are immaterial since they are contradicted by plain and prominently displayed language in the prospectuses."); *Dodds v. Cigna Securities, Inc.*, 12 F.3d 346, 351 (2d Cir. 1993) ("Nor can a plaintiff rely on misleading oral statements to establish [a Section 10(b)] unsuitability claim when the offering materials contradict the oral assurances"), *cert. denied*, 511 U.S. 1019 (1994)

*Sixth*, Private Discussion statements (excerpted and repurposed by others to create the Recorded Call) are non-actionable puffery and statements of opinion, not worded as guarantees or supported by specific statements of fact, nor does the SEC allege Palikaras "knew that the contrary was true."  *Abramson v. Newlink Genetics Corp.*, 965 F.3d 165, 173–74 (2d Cir. 2020).

**The SEC Fails to Allege Palikaras Obtained Money or Property Under Section 17(a)(2)**

Courts in this Circuit limit liability to personal gain under Section 17(a)(2).  The SEC fails to allege Palikaras personally obtained money or property from any misrepresentation or omission. *SEC v. Jankovic*, 15 Civ. 1248 (KPF), 2017 WL 1067788, at *15 (S.D.N.Y. Mar. 21, 2017) (noting that it is "essential" to prove defendant obtained money or property *himself* to establish liability under Section 17(a)(2)).

**The SEC Fails to State a Claim Under Section 14(a) and Rule 14a-9**

The SEC fails to allege that the Private Discussion has an "essential link" to Torchlight shareholders' approval of the merger. *SEC v. Hurgin*, 484 F. Supp. 3d 98, 109 (S.D.N.Y. 2020) (noting the elements of a claim alleging a violation of Rule 14a-9).

\*\*\*

The Honorable Katherine Polk Failla
October 10, 2024
Page 4

      For the foregoing reasons, Palikaras respectfully requests leave to file a motion to dismiss the Complaint.

      Respectfully submitted,

      HOLLAND & KNIGHT LLP

      Jessica B. Magee

cc:    All Counsel of Record (via ECF)