UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | § § § | |
| v. | § § § | CIVIL NO. 4:24-CV-1048-SDJ |
| JOHN BRDA, ET AL. | § | |

## ORDER GOVERNING PROCEEDINGS

This Order shall govern proceedings in this case. The following deadlines are hereby set:

1. Rule 26(f) attorney conference on or before: **February 14, 2025**.

2. Complete initial mandatory disclosures required by this Order: **February 24, 2025**.

3. File joint report of attorney conference: **February 28, 2025**. This should follow initial mandatory disclosures, so a realistic proposal regarding depositions and other discovery can be included.

4. The case is **SET for a Rule 16 management conference on Wednesday, March 19, 2025, at 11:00 a.m.** at the United States Courthouse, 7940 Preston Road, Plano, Texas 75024. Lead counsel for each party, with authority to bind their respective clients, and all unrepresented parties, shall be present. Continuance of the management conference will not be allowed absent a showing of good cause.[1]

## SETTLEMENT

If the parties reach a settlement or other resolution of the case, Plaintiff's counsel shall immediately submit a notice advising the Court of the status of the case. **If such notice is not submitted to the Court, the Court may order counsel to appear at a hearing to address the failure to submit a timely notice.**

---

[1] Before the case management conference, counsel and unrepresented parties should review the most recent versions of the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Texas. The Local Rules are available on the Eastern District of Texas website (www.txed.uscourts.gov).

Thereafter, the Court may enter such orders as are just and necessary to ensure prompt resolution of the case.

## **RULE 26(f) ATTORNEY CONFERENCE**

Rule 26(f) requires attorneys of record and all unrepresented parties to confer and attempt in good faith to agree on a proposed scheduling order, *see* Appendix 1, and to electronically file a joint report outlining their proposals. The conference may be by telephone.

Before commencing the Rule 26(f) conference, counsel must discuss settlement options with their clients, including whether an offer or demand should be made at the Rule 26(f) attorney conference. Counsel should also inquire whether their clients are amenable to trial before a United States magistrate judge. Parties willing to consent should file the appropriate form electronically (see form on Eastern District of Texas website) as soon as possible, so that the case can be reset for management conference before the magistrate judge to whom the case is assigned.

The parties must include the following matters in the joint conference report:

1. A brief factual and legal synopsis of the case.

2. The jurisdictional basis for this suit.

3. A list of the correct names of the parties to this action and any anticipated additional or potential parties.

4. A list of any cases related to this case pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases.

5. Confirmation that the initial disclosures required by Rule 26(a)(1) and this Order have been completed.

6. Proposed scheduling order deadlines. Appendix 1 has the standard deadlines. Explain any deviations from the standard schedule. **Now is the time to inform the Court of any special complexities or need for more time before the trial setting.** The standard schedule is planned so that there is time to rule on dispositive motions before parties begin final trial preparation.

7. Description, in accordance with Rule 26(f), of the following:

    (i) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

    (ii)    Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI. Any disputes regarding ESI that counsel for the parties are unable to resolve during their conference must be identified in the report.

    (iii)    Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including ESI and any agreements reached under Federal Rule of Evidence 502 (such as the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues). A party asserting that any information is confidential should immediately apply to the Court for entry of a protective order.

    (iv)    Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed.

    (v)    Whether any other orders should be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or Rule 16(b), (c).

8. Statement of the progress made toward settlement and the present status of settlement negotiations, including whether a demand and/or an offer has been made. If the parties have agreed upon a mediator, also state the name, address, and phone number of that mediator and a proposed deadline for mediation. An early date is encouraged to reduce expenses. The Court will appoint a mediator if none is agreed upon.

9. The identity of persons expected to be deposed.

10. Estimated trial time and whether a jury demand has been timely made.

11. The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).

12. Whether the parties jointly consent to trial before a magistrate judge.

13. Any other matters that counsel deem appropriate for inclusion in the joint conference report or that deserve the special attention of the Court at the management conference.

## **DISCOVERY**

Initial mandatory disclosures shall include the following, in addition to any other information required by Rule 26(a)(1):

1. The correct names of the parties to the action.

2. The name and, if known, address and telephone number of any potential parties to the action.

3. The name and, if known, the address and telephone number of persons having knowledge of facts relevant to the claim or defense of any party, a brief characterization of their connection to the case, and a fair summary of the substance of the information known by such person. This may be combined with the list of persons required under Rule 26(a)(1)(A)(i) so two lists are not needed.

4. The authorizations described in Local Rule CV-34.

5. A copy of all documents, ESI, witness statements, and tangible things in the possession, custody, or control of the disclosing party that are relevant to the claim or defense of any party. This may be combined with disclosures under Rule 26(a)(1)(A)(ii) so duplication is avoided. In cases involving a disproportionate burden of disclosure of a large number of documents on one party, the parties may agree on prior inspection to reduce the need for copies. Parties are encouraged to agree upon provision of information by electronic means. See Local Rule CV-26(d) for the meaning of "relevant to the claim or defense of any party."

**A party that fails to timely disclose such information will not, unless such failure is harmless, be permitted to use such evidence at trial, at a hearing, or in support of a motion.** A party is not excused from making its disclosures because it has not fully completed its investigation of the case. Moreover, the proportionality standard set forth in Rule 26(b)(2)(C) should be applied in each case when formulating a discovery control plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as practicable.

Early Rule 34 requests may be delivered in compliance with Rule 26(d)(2). However, these requests are not considered served until the Rule 26(f) conference has occurred. All other discovery shall not commence until the Rule 26(f) conference. *See* FED. R. CIV. P. 26(d), 34. Depositions may be taken, and initial mandatory disclosures **shall** occur, before the Rule 16 management conference, so that counsel are in a position to intelligently discuss additional required discovery and scheduling of the case.

**Following the management conference, the Court will enter a scheduling order setting deadlines controlling disposition of the case. If the Court concludes that a management conference is not necessary after receiving the parties' Rule 26(f) report, it may enter a scheduling order and cancel the management conference.**

The fact that the scheduling order will have a deadline for completion of discovery is **NOT** an invitation, or authorization, to withhold documents or information required to be disclosed as part of initial mandatory disclosures under the guise of "supplementation." Attorneys are expected to review their clients' files and to conduct at least preliminary interviews of their clients and potential witnesses under their control so as to fully comply with the initial mandatory disclosure requirements by the deadline set in this order. This will allow experts to be timely identified and prepared to testify, witnesses to be efficiently deposed, and any follow-up paper discovery to be completed by the deadline to be set for completion of discovery. The Court expects that, in most cases, after reading the pleadings and having a frank discussion of the issues and discovery during the Rule 26 attorney conference, a review of the opposing party's initial disclosures should alert an attorney to any remaining information which should have been disclosed, so that such information can be provided before the Rule 16 management conference.

## DISCOVERY DISPUTES

In the event the parties encounter a discovery dispute, no motions to compel may be filed until after the parties fulfill the "meet and confer" requirement imposed by this Court's Local Rule CV-7(h). If the parties are unable to resolve the dispute without court intervention, the parties must then call the Court's chambers to schedule a telephone conference regarding the subject matter of the dispute prior to filing any motion to compel. After reviewing the dispute, the Court will resolve the dispute, order the parties to file an appropriate motion, or direct the parties to call the discovery hotline.

A magistrate judge is available during business hours to immediately hear discovery disputes and to enforce provisions of the rules. The hotline is an appropriate means to obtain an immediate ruling on whether a discovery request is relevant to the claims or defenses and on disputes which arise during depositions. The hotline number is (903) 590-1198. *See* Local Rule CV-26(e).

## CONTESTED MOTION PRACTICE

Counsel and parties shall comply with Local Rules CV-7, 10, 11, and 56, in addition to the Federal Rules of Civil Procedure. Local Rule CV-7 requires you to attach affidavits and other supporting documents to the motion or response. **Labeled tabs** on the attachments to the **courtesy copy** will make it easier to find them.

If a document filed electronically exceeds twenty (20) pages in length, including attachments, a paper copy of the filed document must be sent contemporaneously to Judge Jordan's chambers in Plano. The parties are also encouraged, although not required, to send a paper copy of any document ten (10) pages or more in length, including attachments, to Judge Jordan's chambers.

Pursuant to Local Rule CV-7(b), highlight in the courtesy copy the portions of the affidavits or other supporting documents which are cited in your motion or response.

Any reply or sur-reply must be filed in accordance with Local Rule CV-6 and Local Rule CV-7(f). The parties are reminded that "[t]he court need **not** wait for the reply or sur-reply before ruling on the motion." Local Rule CV-7(f) (emphasis added).

## SAFEGUARDING PERSONAL INFORMATION

The Judicial Conference of the United States has implemented policies to protect sensitive private information about parties, witnesses, and others involved in a civil, criminal, or bankruptcy case. To that end, all documents filed with the Court and made available to the public, whether electronically or on paper, should limit certain information as follows:

- for Social Security numbers, use only the last four digits;
- for financial account numbers, use only the last four digits;
- for names of minor children, use only their initials;
- for dates of birth, use only the year; and
- (in criminal cases) for home addresses, use only the city and state.

If such information is elicited during testimony or other court proceedings, it will become available to the public when the official transcript is filed at the courthouse unless and until it is redacted. The better practice is for you to avoid introducing this information into the record in the first place. Please take this into account when questioning witnesses or making other statements in court.

## FAILURE TO SERVE

Any defendant who has not been served with the summons and complaint within 90 days after the filing of the complaint shall be dismissed, **without further notice**, unless prior to such time the party on whose behalf such service is required shows good cause why service has not been made. *See* FED. R. CIV. P. 4(m).

6

## FICTITIOUS PARTIES

The name of every party shall be set out in the complaint. *See* FED. R. CIV. P. 10(a). The use of fictitious names is disfavored by federal courts. *See, e.g.*, *Doe v. Blue Cross & Blue Shield*, 112 F.3d. 869 (7th Cir. 1997). It is hereby **ORDERED** that this action be **DISMISSED** as to all fictitious parties. Dismissal is without prejudice to the right of any party to take advantage of the provisions of Rule 15(c).

## COMPLIANCE

Attorneys and *pro se* litigants who appear in this Court must comply with the deadlines set forth in the Federal Rules of Civil Procedure, the Local Rules for the Eastern District of Texas, and this Order. **A party is not excused from the requirements of a Rule or scheduling order by virtue of the fact that dispositive motions are pending, the party has not completed its investigation, the party challenges the sufficiency of the opposing party's disclosures, or because another party has failed to comply with this Order or the rules**.

Failure to comply with relevant provisions of the Local Rules, the Federal Rules of Civil Procedure, or this Order may result in the exclusion of evidence at trial, the imposition of sanctions by the Court, or both. Counsel are reminded of Local Rule AT-3, particularly AT-3(i), (j).

**So ORDERED and SIGNED this 24th day of January, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

Appendix 1

PROPOSED SCHEDULING ORDER DEADLINES

The following actions shall be completed by the dates indicated.[1] (The times indicated are the standard for most cases. Counsel should be prepared to explain the need for requested changes).

| | |
|---|---|
| _____<br>1 week after mgmt. conf. | Deadline for motions to transfer. |
| _____<br>6 weeks after mgmt. conf. | Deadline to add parties. |
| _____<br>10 weeks after mgmt. conf. | Disclosure of expert testimony pursuant to FED. R. CIV. P. 26(a)(2) and Local Rule CV-26(b) on issues for which the party bears the burden of proof. |
| _____<br>12 weeks after mgmt. conf. | Deadline for Plaintiff to file amended pleading. (A motion for leave to amend is required.) |
| _____<br>14 weeks after mgmt. conf. | Disclosure of expert testimony pursuant to FED. R. CIV. P. 26(a)(2) and Local Rule CV-26(b) on issues for which the party does not bear the burden of proof. |
| _____<br>14 weeks after mgmt. conf. | Deadline for Defendant's final amended pleadings.[2] (A motion for leave to amend is required.) |
| _____<br>16 weeks after mgmt. conf. | Deadline to object to expert testimony on issues for which the party seeking to introduce that testimony bears the burden of proof. Objection shall be made as a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the Court with all the information necessary to make a ruling on any objection. |

---

[1] If a deadline falls on a Saturday, Sunday, or a legal holiday as defined in FED. R. CIV. P. 6, the effective date is the first federal court business day following the deadline imposed.

[2] Except as otherwise provided by Federal Rule of Civil Procedure 12(a)(4).

| | |
|---|---|
| _____<br>18 weeks after mgmt. conf. | Deadline to object to expert testimony on issues for which the party seeking to introduce that testimony does not bear the burden of proof. Objection shall be made as a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the Court with all the information necessary to make a ruling on any objection. |
| _____<br>22 weeks after mgmt. conf. | Deadline by which the parties shall notify the Court of the name, address, and telephone number of the agreed-upon mediator, or request that the Court select a mediator, if they are unable to agree on one. |
| _____<br>24 weeks after mgmt. conf. | All discovery shall be commenced in time to be completed by this date. |
| _____<br>27 weeks after mgmt. conf. **but no later than 110 days prior to deadline for submission of Joint Final Pretrial Order** | Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions. |
| _____<br>28 weeks after mgmt. conf. | Mediation must occur by this date. |
| _____<br>6 weeks before final pretrial conf. | Notice of intent to offer certified records. |
| _____<br>6 weeks before final pretrial conf. | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in non-jury cases). |

9

| | |
|---|---|
| _____<br>5 weeks before final pretrial conf. | Video Deposition Designation due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections and only those which cannot be resolved shall be presented to the Court. The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties' designations and the Court's rulings on objections. |
| _____<br>30 days before final pretrial conf. | Motions in limine due.<br><br>File Joint Final Pretrial Order. *See* http://www.txed.uscourts.gov/?q=forms/misc |
| _____<br>2 weeks before final pretrial conf. | Response to motions in limine due.[3]<br><br>File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order.[4] (This does not extend deadline to object to expert witnesses.)<br><br>File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law).<br><br>Filed Proposed Voir Dire Questions. |

---

[3] This is not an invitation or requirement to file written responses. Most motions in limine can be decided without a written response. However, if there is a particularly difficult or novel issue, the Court needs some time to review the matter. To save time and space, respond only to items objected to. All others will be considered to be agreed. Opposing counsel **shall confer** in an attempt to resolve any dispute over the motions in limine within five calendar days of the filing of any response. The parties shall notify the Court of all the issues which are resolved.

[4] Within five calendar days after the filing of any objections, opposing counsel **shall confer** to determine whether objections can be resolved without a court ruling. The parties shall notify the Court of all issues which are resolved. The Court needs a copy of the exhibit or the pertinent deposition pages to rule on the objection.

| | |
|---|---|
| Date will be set by Court. Usually within 10 days prior to final pretrial conf. | If numerous objections are filed, the Court may set a hearing to consider all pending motions and objections. |
| 03/18/2026 | Final Pretrial Conference at 9:00 a.m. at the United States Courthouse located at 7940 Preston Road, Plano, Texas 75024. Parties should be prepared to try case. All cases on the Court's Final Pretrial Conference docket for this day have been set at 9:00 a.m. However, prior to the Final Pretrial Conference date, the Court will set a specific time between 9:00 a.m. and 4:00 p.m. for each case, depending on which cases remain on the Court's docket. |
| To be determined | 10:00 a.m. jury selection and trial (or bench trial) at the United States Courthouse located at 7940 Preston Road, Plano, Texas 75024. Cases that remain for trial following the Court's Pretrial docket will be tried between **April 1, 2026, and April 30, 2026**. A specific trial date in this time frame will be selected at the Final Pretrial Conference. |

11