# Faulkner, Sherry

| | |
|---|---|
| **From:** | Lantry, Ryan |
| **Sent:** | Tuesday, June 18, 2024 5:32 PM |
| **To:** | RogersChri@SEC.GOV |
| **Cc:** | Lewis, Jason; Hopkins, Jason |
| **Subject:** | In the Matter of MMTLP (FW-04625) |
| **Attachments:** | Brda.MMTLP - Response to SEC Investigative Subpoena .pdf |

Mr. Rogers—

Please see the attached correspondence in the above-referenced matter.

Thanks,
Ryan

## Ryan Lantry
Associate

T  +1 214 743 4565
F  +1 972 813 6265
M  +1 315 480 1592
ryan.lantry@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com



**EXHIBIT A-2**



DLA Piper LLP (US)
1900 North Pearl Street
Suite 2200
Dallas, TX 75201
www.dlapiper.com

Jason S. Lewis
jason.lewis@dlapiper.com
T   +1 214 743 4548
F   +1 972 813 6250

**FOIA CONFIDENTIAL
TREATMENT REQUESTED**

June 18, 2024

**VIA EMAIL**
Chris Rogers, RogersChri@sec.gov
U.S. Securities and Exchange Commission
801 Cherry Street
Suite 1900, Unit 18
Fort Worth, TX 76102

Re:     In the Matter of MMTLP (FW-04625)

Dear Mr. Rogers:

I write on behalf of my client, John Brda, in response to the subpoena dated May 20, 2024 ("**MMTLP Subpoena**"), issued by the staff of the U.S. Securities and Exchange Commission (the "**Staff**") to Mr. Brda in the above-referenced matter ("**MMTLP Matter**").  Mr. Brda objects to the MMTLP Subpoena because it was issued for illegitimate purposes and is overly broad.  On June 7, 2024, the Staff provided a copy of the Commission's Formal Order in the MMTLP Matter to undersigned counsel.  That Formal Order establishes that the scope of the investigation in the MMTLP Matter is *substantially identical* to another SEC investigation involving Mr. Brda and in which the Staff has indicated its intent to recommend an enforcement action and initiate litigation against Mr. Brda.  Indeed, many of the documents sought by the MMTLP Subpoena were previously sought in the prior investigation, which was conducted by the same Staff members.  Because the MMTLP Subpoena constitutes an impermissible end-run around judicial supervision in the prior matter with litigation forthcoming, Mr. Brda believes the MMTLP Subpoena to be improper.

**Overview**

In the other investigation—In the Matter of Torchlight Energy Resources, Inc. (FW-04461) ("**Torchlight Matter**")—Mr. Brda received a document subpoena dated April 14, 2022, as well as a testimony subpoena dated July 19, 2022 (collectively, the "**Torchlight Subpoenas**").  In compliance with the Torchlight Subpoenas, Mr. Brda produced responsive documents and sat for a full-day of testimony.  On July 20, 2023, the Staff sent Mr. Brda a Wells Notice stating its intention to pursue an enforcement action against Mr. Brda.  On January 17, 2024, the Staff notified undersigned counsel that they had requested and received an extension of their Wells deadline to file a case against Mr. Brda until April 16, 2024.  As of the date hereof, no enforcement action has been filed, but Mr. Brda believes it to be imminent. Moreover, Meta Materials Inc., which was

FW-04625
June 18, 2024
Page 2

also a subject of investigation in the Torchlight Matter, publicly announced its proposed SEC settlement with respect to the Torchlight Matter.[1]

With respect to Mr. Brda, the MMTLP Matter and the Torchlight Matter are two sides of the same coin. The allegations and scope of both Formal Orders are nearly identical, concerning the same claims, the same conduct, and born out of exactly the same facts. Likewise, the topics covered in the MMTLP Subpoena are subsumed in the Torchlight Subpoenas. For example, some requests are virtually identical.[2] In other words, the Staff already has many of the requested documents.

Moreover, the testimony Mr. Brda previously provided in response to the Torchlight Subpoenas extensively covers the scope of the investigation set forth in the MMTLP Formal Order. For example, Mr. Brda testified at length about Next Bridge, the spin-off, and MMTLP shares (i.e., the subject of the MMTLP Matter).[3]

**Bootstrapping an SEC Investigation onto Another on the Verge of Litigation is Improper**

An investigative subpoena "issued for an improper purpose, such as to harass the [respondent] or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation" is an abuse of the SEC's investigative authority. *United States v. Powell*, 379 U.S. 48, 58 (1964). According to its own enforcement manual, the Staff "should not use investigative subpoenas solely to conduct discovery with respect to claims alleged in the pending complaint." SEC Enforcement Manual (the "Manual") § 3.1.3 (2017). The Manual provides that the Commission may "continue to investigate and issue investigative subpoenas pursuant to a formal order of investigation while simultaneously litigating a related civil action," *only if* "there is an independent, good-faith basis for the continued investigation," such as "involvement of additional persons or entities in the violations alleged in the complaint." *See id.* at 3.1.3. Otherwise, "[a] court might conclude that the use of investigative subpoenas to conduct discovery is a ***misuse of the SEC's investigative powers and circumvents the court's authority*** and limits on discovery in the Federal Rules of Civil Procedure." *Id.* (emphasis added).

Delaying the purported complaint in the Torchlight Matter against Mr. Brda while seeking information relevant to that matter via subpoenas purportedly issued in the MMTLP Matter –

---

[1] *See Meta Materials Announces Proposed SEC Settlement*, Jan. 11, 2024, available at https://metamaterial.com/meta-materials-announces-proposed-sec-settlement/.

[2] *Compare* MMTLP Subpoena, No. 9 ("Copies of all your federal and state tax returns, filed or prepared on your behalf, together with all supporting Documents including but not limited to Forms 1099, W-2 and K-1, from January 1, 2021 through the present.") *with* Torchlight Subpoena No. 9 ("Copies of all tax returns filed or prepared on your behalf, together with all supporting documentation, from January 1, 2020 through the present. This request expressly includes tax returns prepared, now or in the future, for the tax year."); *see also* MMTLP Subpoena, Nos. 7, 8 and Torchlight Subpoena Nos. 21, 22.

[3] Further, the MMTLP Subpoena purports to require Mr. Brda to "[p]roduce a verified forensic mirror image (i.e. E01 or DD format) of any hardware or handheld device which may have stored documents." MMTLP Subpoena, No. 10. Such an overreaching request is improper and outside the authority of the Staff. Nor is such a request authorized by statute or the SEC's Enforcement Manual. Moreover, the Staff cites no authority for this impermissible request, which is outside the bounds of anything that may be ordered by a federal court in the context of civil litigation.

FW-04625
June 18, 2024
Page 3

strongly suggests that the Staff is seeking to conduct pre-suit discovery and avoid application of the Federal Rules of Civil Procedure, to which the Staff and the Commission are "unquestionably bound." *FTC v. Turner*, 609 F.2d 743, 745 n.3 (5th Cir. 1980); *Sec. & Exch. Comm'n v. Life Partners Holdings, Inc.*, No. 1:12-CV-00033-JRN, 2012 WL 12850253, at *4 (W.D. Tex. Aug. 17, 2012) (levying sanctions against the SEC for taking a deposition of a company-defendant's former auditor before the parties' 26(f) discovery conference); *see also First Jersey Secs., Inc. v. Bruton*, 1980 WL 273547, at *1 (Del. Ch. May 8, 1980) ("[W]hen an administrative proceeding reaches an adjudicatory stage, the full panoply of judicial procedures must be observed by an administrative agency.").[4]  The court in *Life Partners* held that the SEC "cannot administer an extra-judicial deposition regarding an investigation, elicit testimony during the deposition regarding allegations made in the Complaint for use against Defendants, and then claim immunity from the FRCP by labeling the deposition as 'investigative.'" 2012 WL 12850253, at *3; *see also Sec. & Exch. Comm'n v. Life Partners Holdings, Inc.*, No. 1:12-CV-00033-JRN, 2012 WL 12918375 (W.D. Tex. Sept. 27, 2012) (denying motion for reconsideration of sanctions; citing § 3.1.3 of the Manual).  That result holds true here.

The MMTLP Subpoena is an abuse of the SEC's investigative powers.  It seeks to use a purportedly "new" investigation to conduct pre-suit discovery in the Torchlight Matter.  The MMTLP Subpoena is thus an assault on the forthcoming Court's ability to regulate discovery and ensure that the interests of justice are served.

## Conclusion

For the reasons addressed above, Mr. Brda objects to the MMTLP Subpoena on grounds that it is improper and overly broad.

Sincerely,

**DLA Piper LLP (US)**

Jason S. Lewis
Partner

---

[4] "Nevertheless, to ensure that an investigative subpoena is not inadvertently used to obtain information from a defendant, against whom a civil complaint alleging statutory violations has been filed, when such inquiries should, instead, be made in accordance with the rules of discovery applicable to civil actions generally, we find it prudent to adopt the following holdings." *Calvary SPV1, LLC v. Morrisey*, 752 S.E.2d 356, 369 (W. Va. 2013) (holding that "when the Attorney General files a cause of action against a person or entity that is subject to an investigative subpoena, the Attorney General's subpoena authority ends as to those matters that form the basis of the complaint's allegations, and the rules of discovery applicable to civil proceedings generally provide the method by which the Attorney General may continue to investigate the alleged wrongdoing").