# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br><br>- v -<br><br>JOHN BRDA,<br>GEORGIOS PALIKARAS,<br><br>                Defendants. | Civil No. 4:24-CV-1048-SDJ |

## JOINT REPORT ON RULE 26(f) CONFERENCE

Plaintiff Securities and Exchange Commission ("**Plaintiff**" or the "**SEC**") and Defendants John Brda and Georgios Palikaras (Palikaras and Brda, collectively "**Defendants**") (Plaintiff and Defendants, collectively "**Parties**") hereby jointly submit this *Joint Report on Rule 26(f) Conference* with respect to the matters set out in the Court's *Order Governing Proceedings* [Dkt. #47] (the "**Order**"). The Parties conferred by telephone on February 13, 2025, and make the following Joint Report in accordance with this Court's Order and Rule 26(f).

## 1. A brief factual and legal synopsis of the case.

### a. Procedural Background

On June 25, 2024, the SEC sued Defendants in the Southern District of New York in the matter captioned as *Securities and Exchange Commission v. Brda et al.*, Case No. 1:24-cv-04806-KPF (the "**Enforcement Action**"). Defendants filed pre-answer motions to transfer the case to the Eastern District of Texas.[1] On November 18, 2024, the District Court for the Southern District of New York granted Defendants' motions and transferred the case to this Court

The Enforcement Action arises from events relating to the June 28, 2021 merger between Metamaterial Inc. ("**Meta I**"), an advanced materials nanotech company that was publicly listed on the Canadian Securities Exchange, and Torchlight Resources, Inc. ("**Torchlight**"), a Texas-based oil and gas exploration company listed on the Nasdaq. On June 28, 2021, Meta Materials, Inc. ("**Meta II**") was created and assumed Torchlight's Nasdaq listing through the reverse merger between Torchlight and Meta I. During the relevant period described in the Complaint up until the merger date, Mr. Brda was CEO of Torchlight and Palikaras was CEO and President of Meta I.

### b. Summary of the Allegations and the Parties' Positions

The SEC alleges that Defendants engaged in a scheme to artificially inflate Torchlight's stock price and sell Torchlight stock to investors at inflated prices. The SEC further alleges that Defendants made false and misleading statements and omissions to investors to further inflate Torchlight's stock price and enable their fraudulent scheme. The SEC claims that as a result of Defendants' fraudulent scheme, misstatements, and omissions, Torchlight's stock price skyrocketed in June 2021—surging by over 200% in a single week. It further alleges that

---

[1] Palikaras filed a joinder motion in support of Mr. Brda's motion to transfer venue. *See Securities and Exchange Commission v. Brda et al.*, Case No. 1:24-cv-04806-KPF, ECF Nos. 18 [Brda Motion to Transfer], 19 [Brda Declaration], No. 22 [Palikaras Joinder Motion].

Defendants capitalized on this price surge by selling millions of shares to Torchlight investors at the height of the surge, raising a total of $137.5 million over a five-day at-the-market offering. The SEC asserts that Defendants violated Section 17(a) of the Securities Act of 1933 ("**Securities Act**") (Count I); Section 10(b) of the Securities Exchange Act of 1934 ("**Exchange Act**") and Rule 10b-5 thereunder (Count II); and Section 14(a) of the Exchange Act and Rule 14a-9 thereunder (Count III). The SEC asserts additional claims against Brda for aiding and abetting Meta II's violations of Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act and Rules 12b-20 and 13a-11 (Counts IV and V). *See* Compl. ¶¶ 111–43. For Defendants' violations, the SEC seeks: (i) permanent injunctive relief against both Defendants; (ii) an officer and director bar against both Defendants; (iii) disgorgement of ill-gotten gains and prejudgment interest thereon against Brda; (iv) civil penalties against both Defendants; and (v) such further relief as the Court may deem just and appropriate.

On January 17, 2025, Defendants moved to dismiss the SEC's entire case under Federal Rules of Civil Procedure 9(b) and 12(b)(6).

Mr. Brda denies all of the SEC's substantive allegations and contends that this is a case in search of a plausible theory. *First*, the gravamen of this case is the SEC's novel contention that the former CEOs of Torchlight and Meta I engaged in a scheme to manipulate the market by intending (though ultimately failing) to create a short squeeze of Torchlight stock via the announcement of a special dividend and to "take advantage" of the short squeeze during a pre-merger ATM Offering of Torchlight stock. But the special dividend was lawful, was issued as announced, its nature was fully and accurately disclosed, and the market understood the potential impacts the special dividend could have on short sellers. *Second*, the SEC fails to plead scienter in connection with disclosures that Torchlight would use "commercially reasonable efforts" to sell

its oil and gas assets. The challenged statements are forward-looking predictions protected by the statutory safe harbor and the related bespeaks caution doctrine and are non-actionable expressions of corporate optimism. Further, the statements were neither false nor misleading when made. *Third*, the SEC's misrepresentation claim based on a statement in a May 2021 call with purported "Italian investors" regarding the potential value of the special dividend suffers from numerous fatal flaws, including most notably, Mr. Brda did not "make" the challenged statement. In short, the SEC's tale of alleged market manipulation and securities violations, spun from an alleged intent to create a short squeeze that did not materialize, was fully disclosed and for legitimate business purposes.

Mr. Palikaras denies all of the SEC's substantive allegations and contends he should never have been sued because the claims against him essentially boil down to an inactionable tweet the SEC takes issue with and an opinion statement he allegedly provided on a secretly recorded call *after* first making important disclaimers. In its plainest sense, the SEC's novel theory in this case supposes that Mr. Palikaras agreed to a merger for the sake of causing a short squeeze and a frenzied run-up in Torchlight's stock price even though he did not stand to—and in fact did not— personally benefit. The case against Palikaras rests on just four things: (i) statements he allegedly made at one investor conference in March 2021; (ii) speaking once with a group of Torchlight investors in May 2021 (which discussion was recorded without Palikaras's knowledge or consent and was later circulated in part by others on social media); (iii) statements in a tweet in June 2021 with a picture of athletic shorts printed with fire graphics; and (iv) statements in a second tweet in June 2021 sharing truthful information about the Dividend record date. These alleged statements and omissions are not actionable, cannot support a scheme liability theory, and fail as a matter of law for other reasons described in his motion to dismiss. Besides the fact that details of the merger,

the offering of the dividend, and the at-the-market offering were all publicly and fully disclosed corporate actions serving legitimate business purposes, the SEC simply failed to allege any action Mr. Palikaras took in furtherance of the alleged scheme in addition to his alleged misstatements and omissions.  Moreover, the SEC cannot establish that Mr. Palikaras obtained any money or property by means of any alleged wrongdoing or that his alleged statements did (or even could) form an "essential link" to stockholder approval of the merger between Torchlight and Meta I.

    *c.*    *Upcoming Events in the Litigation*

The SEC's brief in opposition to Defendants' motions to dismiss is due to be filed on February 28, 2025, contemporaneously with this report, and Defendants' reply briefs are due to the filed on March 21, 2025.  Given the pendency of Defendants' motions to dismiss, and as discussed *infra*¸ Defendants request to postpone formal discovery and other scheduling order deadlines until such time as the dismissal motions are decided.

In addition, on February 26, 2025, Mr. Brda filed a Motion to Exclude Improperly obtained Evidence. As of the date of this report, the SEC is still reviewing said Motion and will respond accordingly.

On January 30, 2025, Mr. Brda filed an Unopposed Motion to Continue Rule 16 Management Conference. The Court granted that motion and rescheduled the Rule 16 management conference for April 16, 2025.

    **2.**    **The jurisdictional basis for this suit.**

This Court has jurisdiction over this action under Sections 20 and 22(a) of the Securities Act, 15 U.S.C. §§ 77t, 77v(d), and Sections 21(d) and 27(a) of the Securities Exchange Act, 15 U.S.C. §§ 78u, 78aa(a).  Venue is proper in this district under Section 22(a) of the Securities Act and Section 27(a) of the Securities Exchange Act, 15 U.S.C. §§ 77v(a), 78aa(a).15 U.S.C.

§§ 77v(a); 78u(d); 78u(e) and 78aa. [*See also* Dkt. #39 (order granting transfer under 28 U.S.C.§ 1404(a) to this Court).]

    **3.    A list of the correct names of the parties to this action and any anticipated additional or potential parties.**

The party names as currently listed in the case caption are correct. The Parties do not anticipate adding any other parties.

    **4.    A list of any cases related to this case pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases.**

The SEC is not aware of any cases that are related to the claims in this case. The SEC is aware that several cases, including the cases Defendants identify below, have been filed by MMTLP investors relating to subsequent events—specifically, MMTLP's subsequent spinoff of Next Bridge Hydrocarbons and the trading halt of MMTLP. The SEC's position is that those cases do not arise from the same facts as the current case, but may have some overlapping witnesses. Defendants are aware of other pending actions involving different parties but relating to the same, similar, or certain facts at issue herein, as follows:

- *Targgart v. Next Bridge Hydrocarbons, Inc. et al.*, No. 4:24-cv-767 (N.D. Tex. Aug. 12, 2024); Status: motions to dismiss fully briefed and currently pending.

- *Traudt v. Rubenstein, et al.*, No. 2:24-cv-782 (D. Vt. July 17, 2024); Status: No answer served.

- *Davis v. Nextbridge Hydrocarbons Inc., et al.*, No. 3:24-cv-3058 (N.D. Tex. Dec. 6, 2024); Status: No responsive pleadings filed.

- *Auxier v. SEC, et al.*, No. 7:24-cv-318 (W.D. Tex. Dec. 6, 2024); Status: No responsive pleadings filed.

- *Spears v. SEC, et al.*, No. 7:24-cv-321 (W.D. Tex. Dec. 6, 2024); Status: No responsive pleadings filed.

- *Willcot v. SEC, et al.*, No. 7:24-cv-317 (W.D. Tex. Dec. 6, 2024); Status: No responsive pleadings filed.

- *Vetrano v. SEC, et al.*, No. 7:24-cv-325 (W.D. Tex. Dec. 9, 2024); Status: No responsive pleadings filed.

- *Pease v. SEC, et al.*, No. 7:24-cv-322 (W.D. Tex. Dec. 9, 2024); Status: No responsive pleadings filed.

- *Rolo v. SEC, et al.*, No. 3:24-cv-2053 (D. Conn. Dec. 30, 2024); Status: No answer served.

**5.     Confirm that initial mandatory disclosure required by Rule 26(a)(1) and this order has been completed.**

The Parties confirm that the initial mandatory disclosure required by Rule 26(a)(1) and the Order have been served.

The SEC sent Defendants' counsel a proposed protective order on February 18, 2025 seeking to protect confidential and/or personally identifiable information that the SEC intends to produce with its initial disclosures. The Parties are still conferring regarding a proposed protective order as of the date of this report. The Parties reserve the right to challenge whether another party has fully produced all documents and/or information required to complete initial disclosures.

**6.     Proposed scheduling order deadlines.  Appendix 1 has standard deadlines. Explain any major deviations from standard schedule. Now is the time to inform the Court of any special complexities or need for more time before the trial setting. The standard schedule is planned so that there is time to rule on dispositive motions before parties begin final trial preparation.**

The Parties request that the Court enter a scheduling order consistent with Appendix 1 to the Order Governing Proceedings, with the following deviations:

- Extend all deadlines, other than the "Deadline for motions to transfer" and "Deadline to add parties," by 90 days in light of the pending motions to dismiss,

- the complexity of the case, and the amount of discovery and depositions that the parties anticipate taking.

- Extend the deadlines relating to experts an additional 30 days (i.e., an overall extension of 120 days from the dates set forth in Appendix 1) given the amount of fact discovery that may be necessary before completing expert disclosures.

7. **Describe in accordance with Rule 26(f):**

   i. **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

Plaintiff and Defendants believe it is unnecessary to conduct phased discovery. Entry of a protective order may be necessary; the Parties intend to submit an agreed proposed protective order for the Court's consideration.

The SEC anticipates seeking discovery on at least the following topics, which generally concern relevant transactions, events, and allegations identified in the Complaint during the period of January 2020 through June 28, 2021:

- Defendants' statements, omissions, and/or communications to or with investors relevant to the claims alleged in the Complaint, and relevant evidence concerning whether said statements or omissions were false or misleading;

- Defendants' relevant conduct in furtherance of the fraudulent scheme alleged in the Complaint, and relevant evidence concerning whether said conduct was deceptive or manipulative;

- Defendants' scienter and negligence;

- Defendants' relevant communications between each other or any third party (including but not limited to consultants, promoters, and/or corporate officers/directors);

- Torchlight's failure to keep adequate books and records and to maintain adequate internal controls as alleged in the Complaint, and Brda's aiding and abetting thereof;

- The remedies sought in the Complaint, including but not limited to relevant evidence concerning ill-gotten gains and Defendants' fitness to serve as an officer or director of a public company;

- Relevant testimony and documents from any witnesses that any party anticipates calling at trial; and

- Defendants' affirmative defenses and relevant contentions in response to the Complaint.

Mr. Brda anticipates seeking discovery on the following topics:

- Plaintiff's complete investigation file, including witness interview notes and any documents produced to, or obtained by, Plaintiff during its pre-suit investigation;

- Any witness statements provided to Plaintiff or in Plaintiff's possession;

- Documentation evidencing an alleged short squeeze;

- Documentation evidencing an intended short squeeze;

- Documentation evidencing defrauded investors;

- Statements allegedly made to investors;

- Materiality of alleged omissions and alleged misrepresentations to investors;

- All presentation materials created or used by Torchlight Energy Resources, Inc.;

- All presentation materials created or used by Metamaterial, Inc.;
- Analyses, financial predictions, and forecasts of the value of the Preferred Divided, as defined in the Complaint;
- Analyses, financial predictions, and forecasts of the value of Torchlight Energy Resources, Inc. stock;
- Documentation of contracts and services provided by stock-support consultants;
- Documentation and communications related to Torchlight Energy Resources, Inc.
- Commercially reasonable efforts to dissipate oil and gas assets;
- Communications and documentation related to the MMTLP halt on trading;
- Communications between Plaintiff and FINRA;
- Documentation evidencing the alleged misstatements cited in the Complaint;
- Documentation evidencing the disgorgement amounts, civil penalties, and other remedies demanded in the Complaint; and
- Issues and topics identified by the SEC and Mr. Palikaras.

In addition to the topics that Mr. Brda anticipates seeking discovery on, Mr. Palikaras anticipates seeking discovery on the following topics:

- Statements Brda and Palikaras allegedly made to investors and the public, if any, including disclaimers and opinion statements;
- Documentation of valuation of Torchlight's oil and gas assets;
- Communications and documentation relating to any efforts to sell Torchlight's oil and gas assets; and
- Documentation and communications related to the merger transaction negotiations between Torchlight and Meta I.
- The SEC's internal deliberations and internal and external communications, and documents relating to same, pertaining to the investigation underlying this action

    and its ongoing investigation relating to the later "Spin Out" transaction by Meta II of Next Bridge Holdings.

- Issues and topics identified by the SEC and Mr. Brda.

For purposes of this report, the parties do not concede that the adverse party is entitled to all discovery set forth herein. To the extent any discovery request is objectionable, the parties will respond upon receipt of the opposing party's discovery requests.

  **ii.**  **Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI.**

The Parties agree to produce electronically stored information in reasonably usable form. If the Parties have any issues with the ESI production, they agree to confer in good faith and, if not satisfied, raise any such issues with the Court.

  **iii.**  **Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502 (such as the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues).**

Plaintiff and Defendants have discussed the potential need for a protective order in this case. The Parties are currently considering provisions for a proposed protective order. The Parties anticipate submitting a Rule 502 order.

  **iv.**  **Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed.**

In their initial disclosures, the SEC identified 61 persons having relevant knowledge, Mr. Brda identified at least 32 individuals having relevant knowledge at this time, and Mr. Palikaras identifies 72 individuals having relevant knowledge (though certain individuals were identified by multiple Parties). As such, the Parties anticipate needing more than ten (10) fact witness

depositions and have agreed that Defendants may each take up to ten (10) fact witness depositions, without prejudice to later requesting additional depositions as needed. The Parties agree that they will meet to discuss efficiency issues where one of the Parties is interested in deposing the same witness.

The Parties also anticipate needing more than seven (7) hours of deposition time for certain witnesses in instances where more than one Party would like to ask questions of the same witness.

> **v.    Whether any other orders should be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c).**

Mr. Brda seeks certain relief pursuant to Rule 26, *inter alia*, in his Motion to Exclude Improperly Obtained Evidence filed February 26, 2025, to which the SEC intends to file a response in opposition. The Parties have also discussed and continue to discuss a proposed protective order.

**8.    State the progress made toward settlement, and the present status of settlement negotiations, including whether a demand and offer has been made. If the parties have agreed upon a mediator, also state the name, address, and phone number of that mediator, and a proposed deadline for mediation.**

Plaintiff and Defendants have engaged in preliminary discussions regarding settlement, but do not believe settlement is possible at this time. Nevertheless, both Plaintiff and Defendants remain open to reasonable opportunities for settlement that may arise during litigation. The Parties intend to discuss an agreed-upon mediator and will notify the Court of the name and contact information of the agreed-upon mediator, or request that the Court select a mediator if no agreement is reached, by the deadline established in this Court's Scheduling Order.

**9.    The identity of persons expected to be deposed.**

The SEC anticipates deposing at least the following persons or categories of persons:

- Defendants Brda and Palikaras;

- Torchlight former board members and/or officers who Brda has indicated he intends to call at witnesses at trial, including Robert Cook, Greg McCabe, and Roger Wurtele.

- Former Meta I/Meta II officers and/or directors expected to have relevant knowledge, including Eric Leslie and Rob Stone.

- Former Torchlight consultants expected to have relevant knowledge, including at least Alexander Montano, one or more representatives from Integrous Communications, and one or more of the consultants identified in the SEC's Initial Disclosures.

The SEC is awaiting entry of a protective order to produce documents containing confidential and/or personally identifiable information. The SEC first sent a proposed protective order to Defendants' counsel on February 18, 2025 and is still conferring with Defendants' counsel regarding the same. As Defendants have not produced documents (beyond what was produced in the investigation) and discovery has not been taken, the SEC reserves the right to amend or supplement this list of persons to be deposed. Regarding the reference in the next paragraph of this report to the SEC's "ongoing investigation relating to Meta Materials" and Defendants' intention to take discovery relating to that investigation, the SEC intends to address this matter when the SEC responds to Brda's Motion to Exclude filed on February 26, 2025.

Defendants are waiting to receive the investigative file from SEC for the investigation underlying this action.  The SEC's investigation into this matter began in April 2022 giving it the benefit of years of investigation, witness interviews, and document collection.  Upon receipt and review of the investigative file, Defendants will in reasonably prompt manner inform the Parties to this litigation the identity of fact witnesses they anticipate deposing.  The SEC has publicly

disclosed an ongoing investigation relating to Meta Materials and its "Spin Out" of Next Bridge Hydrocarbons. Defendants anticipate they will seek to obtain discovery relating to that investigation including discovery of contents of the SEC's investigative file.

The Parties agree to confer about the need for virtual or in-person depositions for each witness. The Parties anticipate that additional custodian depositions may be required to authenticate various third-party financial records when other authentication means, such as business records declarations, are unavailable, but agree to work cooperatively on this issue. Finally, in the event any Party designates expert witnesses, expert witness depositions will be required in addition to fact witness depositions described above. The Parties reserve the right to depose additional persons as appropriate during the course of discovery consistent with the Federal Rules of Civil Procedure.

**10.    Estimated trial time and whether a jury demand has been timely made.**

Plaintiff and Defendants estimate that trial will take eight to ten full days. A jury demand has been timely made.

**11.    The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).**

- Patrick B. Disbennett and Christopher A. Rogers for Plaintiff Securities and Exchange Commission;

- Jason S. Lewis, Jason M. Hopkins, and Ryan D. Lantry for Defendant Brda; and

- Jessica B. Magee and Kayla Joyce for Defendant Palikaras.

**12.    Whether the parties jointly consent to trial before a magistrate judge.**

The Parties do not jointly consent to trial before a magistrate judge.

**13.    Any other matters that counsel deem appropriate for inclusion in the joint conference report or that deserve the special attention of the Court at the management conference.**

None at this time.

[*remainder of page intentionally left blank*]

Dated: February 28, 2025

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | DLA PIPER LLP (US) |
| By: *Patrick Disbennett (with authorization)* | By: *Jason S. Lewis* |
| Patrick Disbennett (lead attorney)<br>  Texas Bar No. 24094629<br>  disbennettpa@sec.gov<br>Christopher Rogers<br>  Texas Bar No. 24051264<br>  rogerschri@sec.gov | Jason S. Lewis (lead attorney)<br>  Texas Bar No. 24007551<br>  jason.lewis@us.dlapiper.com<br>Jason M. Hopkins<br>  Texas Bar No. 24059969<br>  jason.hopkins@us.dlapiper.com<br>Ryan D. Lantry<br>  Texas Bar No. 24125130<br>  ryan.lantry@us.dlapiper.com |
| 801 Cherry Street, Suite 1900<br>Fort Worth, Texas 76102<br>Tel.: (817) 978-3821<br>Fax: (817) 978-2700 | 1900 N. Pearl Street, Suite 2200<br>Dallas, Texas 75201<br>Tel.: (214) 743-4546<br>Fax: (972) 813-6250 |
| *Attorneys for Plaintiff*<br>  *Securities and Exchange Commission* | *Attorneys for Defendant*<br>  *John Brda* |

HOLLAND & KNIGHT LLP

By: */s/ Jessica B. Magee (with authorization)*

Jessica B. Magee (lead attorney)
  Texas Bar No. 24037757
  Jessica.Magee@hklaw.com
Kayla Joyce
  Admitted *pro hac vice*
  Kayla.Joyce@hklaw.com

One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Tel.: (214) 964-9500
Fax: (214) 969-1751

*Attorneys for Defendant*
  *Georgios Palikaras*

## **CERTIFICATE OF SERVICE**

I certify that I served the foregoing document on all counsel of record via the Court's CM/ECF system on February 28, 2025.

/s/ *Jason S. Lewis*
Jason S. Lewis