**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br><br>   v.<br><br>JOHN BRDA,<br>GEORGIOS PALIKARAS,<br><br>                Defendants. | Civ. Action No. 4:24-cv-1048-SDJ |

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL**

Plaintiff Securities and Exchange Commission ("**SEC**") respectfully files this unopposed motion for leave to file under seal its unredacted response brief ("**Response**") and supporting exhibits in opposition to the Motion to Exclude Improperly Obtained Evidence (ECF No. 54, the "**Motion to Exclude**") filed by Defendant John Brda ("**Brda**"). Pursuant to Local Rule CV-5(a)(7)(E), the SEC is also filing on the Court's public docket a redacted version of the Response and supporting exhibits with the confidential or nonpublic information therein redacted. In support, the SEC respectfully shows as follows:

      1.      In the Fifth Circuit, the decision of whether to seal information in judicial records "has consistently been addressed on a case-by-case basis[.]" *United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017). The Fifth Circuit has generally "left the decision to seal judicial records to the discretion of the district court." *Id.* The Fifth Circuit has "held that a district court abuses its discretion in sealing or unsealing documents when it fails to identify and apply the proper legal standard and when it fails to provide sufficient reasons for its decision to enable appellate review." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022)

(finding district court abused discretion by sealing documents based on legal standard governing protective orders, which differs from the legal standard governing sealing judicial records). In deciding whether to seal judicial records, "district courts should exercise their discretion by balancing the public's right to access judicial documents against interests favoring nondisclosure." *Sealed Search Warrants*, 868 F.3d at 396.

2.  "Congress intended to vest the SEC with considerable discretion in determining when and how to investigate possible violations of the statutes administered by the Commission." *SEC v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 745, 104 S. Ct. 2720, 2726, 81 L. Ed. 2d 615 (1984). Courts have long recognized that "investigations by the Commission, like those of a grand jury, might be thwarted in certain cases if not kept secret[.]" *Com. Cap. Corp. v. SEC*, 360 F.2d 856, 858 (7th Cir. 1966).

3.  Here, Brda's Motion to Exclude argues that the SEC is using a nonpublic investigation (the "**MMTLP Investigation**") to obtain evidence to be used to support its claims alleged in the Complaint in this case.

4.  The SEC's Response and supporting exhibits include certain nonpublic information concerning the SEC's ongoing, nonpublic MMTLP Investigation, including the SEC's non-public Formal Order, a description of certain issues the SEC has investigated and continues to investigate, and the identities of certain individuals from whom the SEC has sought and/or obtained information during the MMTLP Investigation. (*See* Martinez Decl. filed with Sealed Resp., ¶¶ 10, 12 & Ex. 1 thereto). Such "[i]nformation or documents obtained by the [SEC] in the course of any investigation or examination, unless made a matter of public record, shall be deemed non-public[.]" 17 C.F.R. § 203.2. And "[u]nless otherwise ordered by the [SEC], all formal investigative proceedings shall be non-public." 17 C.F.R. § 203.5.

5. The SEC respectfully requests that the Court seal the limited, non-public information included with the SEC's Response and supporting exhibits. The SEC has a compelling interest in maintaining the integrity of its non-public MMTLP Investigation, which may be compromised if the non-public information included in the SEC's Response and supporting exhibits are publicly disclosed. The Fifth Circuit has recognized that "maintain[ing] the integrity of governmental investigations" is a "[c]ompelling interes[t]" that can justify sealing court records. *United States v. Ahsani*, 76 F.4th 441, 450 (5th Cir. 2023); *see also United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017) ("If the unsealing of pre-indictment warrant materials would threaten an ongoing investigation, the district court has discretion to make redactions prior to unsealing or, where necessary, to leave the materials under seal.").

6. Further, the SEC has narrowly tailored its request to seal to the limited, non-public details and information relating to the SEC's ongoing, non-public MMTLP Investigation, without sealing or restricting public access to the public or non-confidential materials and information contained in the SEC's Response and supporting exhibits. (*See* Pl.'s Sealed Resp. to Brda's Mot. Exclude at 5-7, Martinez Decl. filed with Sealed Resp., ¶¶ 8, 10 & Ex. 1 thereto, *compare with* Pl.'s Resp. to Brda's Mot. Exclude (Redacted) at 5-7, Martinez Decl. filed with Resp. (Redacted), ¶¶ 8, 10 & Ex. 1 thereto (Redacted)). In addition, the SEC has exercised its discretion to not seal certain information pertaining to the SEC's investigation given that information relating to the same issue has previously been disclosed publicly and/or in this action. *See SEC v. Shanahan*, No. 4:06-MC-546 CAS, 2006 WL 3330972, at *4 (E.D. Mo. Nov. 15, 2006) (citing *LaMorte v. Mansfield*, 438 F.2d 448 (2d Cir.1971) ("[T]he confidentiality rules employed by the SEC in non-public investigations are for the benefit of the SEC and may be waived by it, in its discretion.").

7.  Accordingly, the SEC has a compelling interest in maintaining the integrity of its non-public MMTLP Investigation, and to protect that interest, it respectfully asks the Court to seal the limited, non-public information identified to be sealed in its Response and supporting exhibits.

8.  The SEC's undersigned counsel has conferred with counsel for Defendants Brda and Palikaras, and counsel for each Defendant has indicated that they are unopposed to the relief sought herein.

## CONCLUSION

For the reasons set forth above, the SEC respectfully requests that the Court grant this Motion to Seal and seal the unredacted versions of the SEC's Response to Brda's Motion to Exclude and supporting exhibits. The SEC is also filing redacted versions of its Response and supporting exhibits on the Court's public docket pursuant to Local Rule CV-5(a)(7)(E).

Dated:  March 19, 2025                           Respectfully submitted,


                                                  */s/ Patrick Disbennett*
                                                  Patrick Disbennett
                                                  Texas Bar No. 24094629
                                                  Christopher Rogers
                                                  Texas Bar No. 24051264
                                                  Securities and Exchange Commission
                                                  801 Cherry Street, Suite 1900
                                                  Fort Worth, Texas 76102
                                                  Tel: 817-978-3821
                                                  disbennettpa@sec.gov
                                                  rogerschri@sec.gov

                                                  *ATTORNEYS FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I certify that the foregoing pleading was served on all counsel of record via the Court's CM/ECF system on March 19, 2025.

/s/ *Patrick Disbennett*
Patrick Disbennett

## CERTIFICATE OF CONFERENCE

I certify that on March 17 and 18, 2025, I conferred with counsel for each Defendant regarding the relief requested herein, and counsel for each Defendant indicated that they are UNOPPOSED to the relief requested in this Motion.

/s/ *Patrick Disbennett*
Patrick Disbennett