## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

JOHN BRDA,
GEORGIOS PALIKARAS,

Defendants.

Civ. Action No. 4:24-cv-1048-SDJ

## [PROPOSED] ORDER GRANTING
## PLAINTIFF'S MOTOIN FOR LEAVE TO FILE UNDER SEAL

Before the Court is the Motion for Leave to File Under Seal ("Motion for Leave") filed by

Plaintiff Securities and Exchange Commission ("SEC"). The Motion for Leave seeks leave to seal

the SEC's unredacted response brief ("Response") and supporting exhibits in opposition to

Defendant John Brda's Motion to Exclude Improperly Obtained Evidence (ECF No. 54, "Motion

to Exclude"). Pursuant to Local Rule CV-5(a)(7)(E), the SEC explains it is also filing on the

Court's public docket a redacted version of the Response and supporting exhibits with the

confidential or nonpublic information therein redacted. After considering the Unopposed Motion,

the Court finds good cause and hereby **GRANTS** the Motion.

In the Fifth Circuit, the decision of whether to seal information in judicial records "has

consistently been addressed on a case-by-case basis[.]" *United States v. Sealed Search Warrants*,

868 F.3d 385, 395 (5th Cir. 2017). The Fifth Circuit has generally "left the decision to seal judicial

records to the discretion of the district court." *Id.* The Fifth Circuit has "held that a district court

abuses its discretion in sealing or unsealing documents when it fails to identify and apply the proper

legal standard and when it fails to provide sufficient reasons for its decision to enable appellate

review." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022) (finding district court abused discretion by sealing documents based on legal standard governing protective orders, which differs from the legal standard governing sealing judicial records). In deciding whether to seal judicial records, "district courts should exercise their discretion by balancing the public's right to access judicial documents against interests favoring nondisclosure." *Sealed Search Warrants*, 868 F.3d at 396.

The Court finds that the SEC has shown a compelling interest in keeping the confidential or non-public information contained in the Response and supporting exhibits under seal. Specifically, the SEC has shown that disclosure of such confidential or non-public information would threaten the SEC's ongoing, non-public investigation, and that sealing such confidential or non-public information is necessary to maintain the integrity of the SEC's investigation. *See United States v. Ahsani*, 76 F.4th 441, 450 (5th Cir. 2023); *see also United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017) ("If the unsealing of pre-indictment warrant materials would threaten an ongoing investigation, the district court has discretion to make redactions prior to unsealing or, where necessary, to leave the materials under seal."); *Com. Cap. Corp. v. SEC*, 360 F.2d 856, 858 (7th Cir. 1966) ("[I]nvestigations by the Commission, like those of a grand jury, might be thwarted in certain cases if not kept secret[.]").

The Court further finds that the public interest in access to judicial records is outweighed by the compelling interest shown by the SEC. In addition, the Court finds that the SEC has narrowly tailored its sealing request such that only confidential or non-public information is being sealed, while the SEC has filed or is filing on the public docket a redacted Response and supporting exhibits that only redacts the confidential and non-public information therein.

Therefore, IT IS HEREBY ORDERED, that the SEC's unredacted Response and supporting exhibits in opposition to Defendant John Brda's Motion to Exclude shall remain SEALED, unless otherwise ordered by the Court.