# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** § § | |
| Plaintiff, § | Case No.: 1:12-cv-00033-JRN |
| § § | |
| vs. § | |
| § § | |
| **LIFE PARTNERS HOLDINGS, INC., BRIAN PARDO, R. SCOTT PEDEN, and DAVID M. MARTIN** § § § § | |
| Defendants. § | |

## PLAINTIFF'S RESPONSE IN OPPOSITION
## TO DEFENDANTS' MOTION FOR SANCTIONS

Plaintiff Securities and Exchange Commission ("SEC" or the "Commission") responds to Defendants' Motion for Sanctions (the "Motion") as follows:

**I.       Introduction and Summary of Argument**

In the press release that the Commission issued when it filed this enforcement action, the Commission disclosed that its investigation was ongoing.[1] Two weeks after this suit was filed, as part of its investigation, the Commission's staff issued an administrative subpoena to an individual who is not a party to this suit seeking information about potential violations not alleged in the Complaint.[2] During the pendency of a related enforcement action, the Commission is entitled, if not obligated by mandate of Congress, to investigate potential violations beyond those alleged in the action, and to issue administrative subpoenas in aid of its

---

[1] Declaration of Michael D. King ("King Dec.") ¶¶ 5-6, which appears as Exhibit A to the Appendix in Support of Plaintiff's Response in Opposition to Defendants' Motion for Sanctions (the "Appendix"), filed concurrently herewith.
[2] *Id.* at ¶ 7.

*SEC v. Life Partners Holding, Inc., et al.*
Plaintiff's Response to Defendants' Motion for Sanctions



Page 1

investigation. Nothing in the Federal Rules of Civil Procedure (the "Rules") prohibits the Commission from exercising this authority here. Under well-settled case law, the Rules do not apply to subpoenas issued by the Commission. Defendants have failed to apprise the Court of this case law, and instead urge violations under the Rules based on wholly irrelevant legal authority.

Nothing about the investigative testimony Defendants challenge was improper. The Commission has not attempted to circumvent the Court's authority to control discovery in this action. The testimony was taken in furtherance of the SEC's regulatory authority and responsibilities in its investigation, not for the purpose of obtaining discovery in this proceeding.[3] The subpoena was directed to one of Defendant Life Partners Holdings, Inc.'s ("Life Partners") former auditors. Apart from enforcing the securities laws that the Complaint alleges Defendants violated, the SEC is charged with ensuring that individuals who appear or practice before the Commission fulfill their professional obligations. Whether such obligations have been fulfilled is a different inquiry from the securities-law violations alleged in the Complaint.

The Commission produced a transcript of the testimony, along with all other investigative testimony, four days after the parties' Rule 26(f) conference, in advance of the date agreed upon to exchange disclosures. Defendants profess to be surprised to learn that the Commission took more investigative testimony after the suit was filed, even though the Commission had publicly disclosed that its investigation was ongoing. Defendants do not identify any prejudice they

---

[3] *Id.*

SEC v. Life Partners Holding, Inc., et al.                                                                                    Page 2
Plaintiff's Response to Defendants' Motion for Sanctions

suffered from the testimony, apart from a vague allusion to "Constitutional Due Process rights"[4] that is bereft of any supporting authority. The Court should deny the Motion.

## II. The Commission's Investigative Authority

Congress has vested the Commission "with broad authority to conduct investigations into possible violations of the federal securities laws and to demand production of evidence relevant to such investigations." *SEC v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 743 (1984). For example, Section 21(a) of the Securities Exchange Act of 1934 provides that the "Commission may, in its discretion, make such investigations as it deems necessary to determine whether any person has violated, is violating, or is about to violate any provision of this chapter." 15 U.S.C 78u(a); *SEC v. Dresser Indus.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980). *See also* 15 U.S.C. § 77s(b). These provisions "vesting the SEC with the power to issue and seek enforcement of subpoenas are expansive." *O'Brien*, 467 U.S. at 743. In short, "Congress intended to vest the SEC with considerable discretion in determining when and how to investigate possible violations of the statutes administered by the Commission." *Id.* at 744.

The SEC typically initiates investigations after obtaining information suggesting that there have been securities law violations. Declaration of David L. Peavler ("Peavler Dec.") ¶ 4, which appears as Exhibit B to the Appendix. Before the SEC staff can issue subpoenas, it must obtain from the Commission a document called a Formal Order of Private Investigation ("Formal Order"). *Id.* The Formal Order expressly designates certain SEC staff – attorneys, accountants and others – as officers of the Commission empowered to issue subpoenas and take sworn investigative testimony. *Id.* Once the Formal Order has issued, the designated staff proceed with gathering evidence. *Id.*

---

[4] Motion at 1.

At different points in the investigation, the SEC's staff may determine that it has sufficient evidence to recommend charging one or more parties with securities law violations. Peavler Dec. ¶ 5, Appendix, Ex. B. At that point, the SEC's staff typically follows a process by which it advises those parties of the intended charges and invites them to make arguments why charges should not be brought. *Id.* Then, if the SEC's staff concludes charges are still appropriate, it formally recommends to the Commission that it bring suit in federal district court or before an administrative law judge ("ALJ"). *Id.* If the Commission approves the recommendation, the SEC's staff then files and litigates the proceeding. *Id.*

Filing suit, however, does not necessarily mark the end of an investigation, especially in complex financial fraud cases like this one, where different parties may be culpable under distinct theories or statutory provisions. Peavler Dec. ¶ 6, Appendix, Ex. B. This is most typically the case with outside professionals, such as auditors, accountants, and lawyers. *Id.* Often, these professionals were not involved in the underlying fraudulent scheme, yet they nonetheless may have failed to satisfy independent professional obligations. *Id.* Part of the SEC's regulatory responsibility is to investigate whether such professionals have fulfilled those obligations or are otherwise fit to appear and practice before the Commission, and to bring enforcement actions against such professionals when appropriate in an administrative proceeding before an ALJ.[5] *Id.*

While such an administrative proceeding may share facts with a separate civil enforcement action against the company and its officers, the parties, operative legal provisions

---

[5] Under Rule 102(e) of the SEC's Rules of Practice, such proceedings seek to determine whether a professional who appears or practices before the Commission (i) "possess[es] the requisite qualifications to represent others; (ii) is "lacking in character or integrity or [has] engaged in unethical or improper professional conduct; or (iii) "willfully violated, or willfully aided and abetted the violation of any provision of the Federal securities laws or the rules and regulations thereunder." SEC Rule of Practice 102(e)(1)(i-iii) (17 C.F.R. § 201.102(e)(1)(i-iii)).

and standards, and relief sought in the two cases are distinct. Peavler Dec. ¶ 7, Appendix, Ex. B. An auditor, for example, may not know that his client is "cooking the books," but he is obligated under professional auditing standards to design and perform procedures intended to detect material misstatements and fraud. *Id.* An auditor may fail these obligations if, for instance, he does not design or perform these procedures or if he fails to exercise sufficient professional skepticism in carrying them out. *Id.*

The investigative subpoena that Defendants challenge was issued in furtherance of the SEC's investigation, not to obtain discovery in this action. King Dec. ¶ 7, Appendix, Ex. A. As Defendants state in the Motion, the witness from whom the SEC took investigative testimony was one of Life Partners' former auditors. He opined on the company's financial statements filed with the SEC. The Commission is prepared to submit information about its investigation to further debunk Defendants' false accusation that the subpoena was issued "to obtain ex parte discovery." Motion at 5. In view of the controlling case law discussed below, the Commission does not believe that such information is necessary to aid the Court in its disposition of the Motion, but, if requested, the Commission seeks leave to file it under seal in a supplementary filing, given SEC policy that its investigations are non-public. 17 C.F.R. § 202.5.

### III. Argument and Authorities

#### A. It is well settled that administrative agencies may continue to investigate after bringing suit

Defendants' motion hinges on the false premise that the SEC's broad power to conduct investigations ends when it files a civil lawsuit. Defendants do not cite a single statute, rule or case to support this proposition.

In fact, courts have long recognized that federal agencies, including the SEC, may continue to investigate after filing suit. *Bowles v. Bay of New York Coal & Supply Corp.*, 152 F.2d 330, 331 (2d Cir. 1945) (observing as "quite settled" that "the rules of civil procedure do not apply to control or restrict administrative subpoenas" and holding that pendency of civil enforcement action did not strip agency of authority to issue administrative subpoenas); *Porter v. Mueller*, 156 F.2d 278, 280 (3d Cir. 1946) (citing *Bowles* and stating, "[l]imiting use of the subpoena to 'investigations' occurring before suit is brought would effectively hamper enforcement of the" Emergency Price Control Act of 1942); *SEC v. F.N. Wolf & Co.*, 1993 WL 568717 (S.D.N.Y. 1993) (citing *Bowles* and squarely holding that filing a lawsuit does not preclude further investigation by the SEC, nor does it prohibit the SEC from using information acquired during the investigation in the pending litigation); and *SEC v. Loyd*, Case No. 8:02-cv-1613-T-26EAJ (M.D. Fla. Dec. 3, 2002) (citing *Bowles* and *Wolf* and embracing the SEC's argument that, after filing suit, the SEC "continues to enjoy the absolute right, unfettered by the [Federal Rules of Civil Procedure], to issue investigative subpoenas about additional potential violations involving the Defendants and other parties.") (copy provided as Exhibit C to the Appendix).[6]

---

[6] *See also Conn. DOT v. Elec. Contrs., Inc.*, Civ. No. 3:00CV2422, 2001 U.S. Dist. LEXIS 7364, *3 (D. Conn. Feb. 27, 2001) ("[T]he Court finds that the powers of Commissioner of the Department of Transportation set forth in Conn. Gen. Stat. § 13b-18 are not limited by the initiation of a civil action or subject to the discovery limitations set forth in the Federal Rules of Civil Procedure."); *In re Stanley Plating Co.*, 637 F. Supp. 71, 72-73 (D. Conn. 1986) (holding that the existence of civil lawsuit by EPA did not preclude agency from issuing statutory discovery outside confines of lawsuit).

In *Wolf*, a defendant argued that the SEC, after filing suit, was "limited to discovery conducted pursuant to the Federal Rules of Civil Procedure and [could] not issue subpoenas or other information requests beyond the scope of those rules." 1993 WL 568717 *1. The defendant further argued that if the SEC did gather materials through its statutory or informal powers, it should be precluded from using those materials in the litigation. *Id.* The court unequivocally rejected both arguments. *Id.*

The court in *Wolf* noted the "extremely broad" investigatory powers conferred by Congress upon the SEC. *Id.* Specifically, as recognized by the court, Section 21(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u(a)(1), authorizes the SEC, "in its discretion, [to] make such investigations as it deems necessary to determine whether any person has violated, is violating or is about to violate any provision" of the Exchange Act or rules promulgated thereunder. *Id.*

Relying on this "extremely broad" statutory grant of authority, the court held:

> Accordingly, its institution of civil litigation did not shrink the scope of the investigative resources available to the SEC, nor limit its use of information obtained from those resources to purposes other than the litigation. On the contrary, it is free to proceed as it has been doing in this case.

*Id.* at *2.

In the present case, the SEC sent an investigative subpoena to one of Life Partners' former auditors, a non-party whose conduct is not at issue here. Even assuming the SEC sought the testimony for purposes of investigating Defendants' conduct, the institution of this action did not cut short the Commission's ability to subpoena information about other potential violations by Defendants not asserted in the Complaint. The court in *Loyd* ruled that the SEC was free to issue investigative subpoenas "seeking information and documentation about additional potential

*SEC v. Life Partners Holding, Inc., et al.* Page 7
Plaintiff's Response to Defendants' Motion for Sanctions

violations <u>involving the Defendants</u> and other parties." *Loyd*, at p. 2 (emphasis added), Appendix, Ex. C. To be clear, however, the Commission's staff did not take testimony with the goal of using the transcript against Defendants in this action. Nevertheless, having obtained the testimony, the Commission is free to use the transcript in this case. *See Wolf*, 1993 WL 568717, *2; *Loyd*, pp. 2-3, Appendix, Ex. C.

### B. Defendants' few citations are inapposite

None of the sparse authority on which Defendants rely in their Motion supports the proposition that the investigative testimony they challenge was impermissible. The cases Defendants cite are nowhere near on point. *Mick Haig Prods. v. Does 1-670*[7] and *Silva v. Karlsen*[8], private intellectual property suits, dealt with subpoenas under Rule 45, from attorneys whose subpoena power derives from their status as officer of the court. The investigative subpoena that Defendants challenge, by contrast, was issued pursuant to a Formal Order of the Commission, in furtherance of the Commission's broad investigative authority. The Rules do not apply to such administrative subpoenas. *See, e.g., Loyd* at p. 2, Appendix, Ex. C (citing *Bowles* for "the well settled proposition that the Rules do not apply to restrict or control administrative subpoenas").

Nor does *In re Morgan Asset Management, Inc.*, SEC AP File No. 3-13847 (July 12, 2010), present "similar circumstances," as Defendants wrongly urge. *Morgan* is an ALJ decision that turned on the application of one of the SEC's Rules of Practice, which govern administrative proceedings and have no application here. That rule, entitled "Issuance of Investigatory Subpoenas After Institution of Proceedings," addresses the SEC's ability to continue

---

[7] No. 3:10-CV-1900-N, 2011 U.S. Dist. LEXIS 128366 (N.D. Tex. Sept. 9, 2011).
[8] No. 97-3793, 1997 U.S. Dist. LEXIS 13272 (E.D. Pa. Aug. 29, 1997).

*SEC v. Life Partners Holding, Inc., et al.* Page 8
Plaintiff's Response to Defendants' Motion for Sanctions

investigating after it has instituted an administrative proceeding, not a civil enforcement action in district court. *See* SEC Rule of Practice 230(g) [17 C.F.R. § 201.230(g)]. In administrative proceedings, discovery in general is more restricted, and depositions may be taken only under limited circumstances. *See* SEC Rule of Practice 233 [17 C.F.R. § 201.233] (setting forth limited grounds for which depositions may be taken, including requirement for finding that witness will be unavailable to testify at the administrative hearing). Rule 230(g) thus ensures that the limitations on discovery apply equally to the Division of Enforcement and respondents, by directing the hearing officer (ALJ) to take steps "to assure that the issuance of investigatory subpoenas after the institution of proceedings is not for the purpose of obtaining evidence relevant to the proceedings."[9]

Even if Rule 230(g) applied here, which it does not, Defendants have made no showing, and cannot show, that the investigative testimony of which they complain was taken for purposes of obtaining evidence in this case. To the contrary, as discussed above, the testimony was taken in furtherance of the Commission's investigation.

### C. Defendants have suffered no prejudice

Defendants seek exclusion of the transcript, among other remedies, including monetary sanctions. But they have not been prejudiced in any way by the SEC taking testimony from the former auditor. As they acknowledge, the Commission voluntarily produced the transcript as part of its initial disclosures. Motion at 3. They cannot claim that the testimony was concealed from them. Nor can they complain that they did not receive notice of the subpoena, as they were

---

[9] The rule does not, however, prohibit the SEC from continuing to take investigative testimony or other investigative steps after it has instituted an administrative proceeding. To the contrary, the official comment to this rule recognizes that administrative "proceedings may be instituted prior to the end of all investigative activities," especially where further investigation is aimed at "distinct areas of potential violations." See Final Release for SEC Rules of Practice, 60 Fed. Reg. 32738, 32762 (June 23, 1995).

*SEC v. Life Partners Holding, Inc., et al.*                                                                      Page 9
Plaintiff's Response to Defendants' Motion for Sanctions

not entitled to notice. *O'Brien*, 467 U.S. at 744; *Pepsico, Inc. v. SEC*, 563 F. Supp. 828, 831-32 (S.D.N.Y. 1983).

Furthermore, Defendants are free to depose the former auditor. Indeed, the SEC has agreed to permit Defendants to exceed the ten-deposition limit contemplated by Rule 30. Defendants can examine the former auditor on his SEC testimony and any other topic within the scope of relevant discovery. In addition, nothing prevents Defendants from interviewing witnesses, obtaining declarations or affidavits, or otherwise investigating the claims in this lawsuit. Under these circumstances, Defendants cannot claim to have been prejudiced by the testimony at issue.

## IV. Conclusion

While heavy on hyperbole and invective intended to vilify the SEC, the Motion is devoid of authority supporting its central premise – that the SEC must surrender its expansive investigative powers when it files suit, even as to individuals or entities who are not parties to that suit. Instead, Defendants cite to a handful of cases that have no bearing on the Motion's flawed premise. Numerous courts have affirmed that the SEC has the authority it exercised here, to continue investigating potential violations of the federal securities laws. The Court, therefore, should deny the Motion.

DATED: July 9, 2012            Respectfully submitted,

           */s/ Jason C. Rodgers*
           Jason C. Rodgers
           Texas Bar No. 24005540
           Toby M. Galloway
           Texas Bar No. 00790733
           Michael D. King
           Texas Bar No. 24032634

           U.S. Securities and Exchange Commission
           Burnett Plaza, Suite 1900
           801 Cherry Street, Unit #18
           Fort Worth, TX 76102-6882
           (817) 978-1410 (jcr)
           (817) 978-4927 (fax)
           Attorneys for Plaintiff Securities and Exchange Commission

## CERTIFICATE OF SERVICE

       I hereby certify that on July 9, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel who have registered with the Court. All others were served a copy via U.S. mail.

           */s/ Jason C. Rodgers*
           Jason C. Rodgers

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civ. No.: 1:12-cv-0033-JRN |
| LIFE PARTNERS HOLDINGS, INC., BRIAN D. PARDO, R. SCOTT PEDEN, and DAVID M. MARTIN, | § § § § § | |
| Defendants, | § | |

## ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS

Upon consideration by the Court of Defendants' Motion for Sanctions, brief in support thereof, response and the pleadings on file, Defendant's Motion for Sanctions is hereby DENIED.

Signed this ___ day of _____, 2012.

_____
**James R. Nowlin**
**United States District Judge**