# EXHIBIT B

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas ▾

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:24-CV-1048-SDJ |
| JOHN BRDA, GEORGIOS PALIKARAS, | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  GTS Securities LLC
Attn: Registered Agent, Corporation Service Company (CSC), 1201 Hays Street, Tallahassee, FL 32301-2525

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Jason M. Hopkins, DLA Piper LLP (US) 200 S. Biscayne Blvd # 2500 Miami, Florida 33131 | Date and Time: July 25, 2025 at 12:00 PM CT |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  July 11, 2025

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Jason M. Hopkins |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* John Brda
_____ , who issues or requests this subpoena, are:
Jason Hopkins, DLA Piper LLP, 1900 N. Pearl Street, Suite 2200, Dallas, Texas 75201; jason.hopkins@us.dlapiper.com; (214) 743-4546

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 4:24-CV-1048-SDJ

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**INSTRUCTION AND DEFINITIONS**

1.      The full text of these instructions and definitions is deemed incorporated by reference into each discovery request below.

2.      These instructions and definitions are not intended to narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.

3.      The uniform definitions set forth in Local Civil Rule CV-26(d) of the United States District Court for the Eastern District of Texas (the "**Local Rules**") are incorporated by reference.

4.      "**GTS**, "**You**," and "**Your**" shall mean and refer to GTS Securities LLC, including GTS Equity Partners LLC and GTS Execution Services LLC, and any person acting on your behalf, including each of your agents, employees, representatives, assigns, subsidiaries, and any other related entities

5.      Please contact the undersigned counsel if you believe any request herein is vague or ambiguous, or if you have a question relating to this subpoena or the production required in response to it.

6.      In responding to this subpoena, you must produce responsive documents that are in your possession, custody or control.  A document is within your control if you have the right to secure the document or copy of it from another person.

7.      The requests in this subpoena are continuing in nature, and if you become aware of or acquire additional responsive documents, such additional documents must be promptly produced.

8.      Any words, terms, and phrases not specifically defined in these requests shall be given their normal and customary meaning in the context in which they are used in these requests.

9. Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular.

10. "**And**" and "**or**" are to be construed conjunctively or disjunctively as necessary to bring within the scope of a specification all materials that might otherwise be construed to be outside its scope.

11. "**Communication**" means any transmission or exchange of information either orally or in writing, and includes any conversation, letter, note, memorandum, SMS message, MMS message, other text message, electronic mail, inter-office or intra-office correspondence, telephone call, telegraph, telecopy, telefax, cable, conference, tape recording, discussion, blog post, social media, instant message, webmail message, or other electronic post, or face-to-face meeting and any messages stored, maintained, or exchanged on any messaging application or platform including, but not limited to, GroupMe, WhatsApp, Webex, Telegram, Signal, WeChat, Line, Facebook Messenger, Twitter (n/k/a X), Skype, iMessage, BBM, Instagram, and SnapChat.

12. "**Document**" and/or "**documents**" mean documents, electronically stored information, and tangible things, including each of the following that is in the possession, custody, or control of a party or that can be obtained by a party through the exercise of a superior right to compel production from a third person: the original (or a duplicate if the original is not available) and each non-identical copy (whether different from the original or another copy by virtue of notes made or otherwise), regardless of origin or location, of any handwritten, typewritten, printed, recorded, transcribed, punched, photocopied, photo static, telecopy, filmed, microfilmed, or otherwise prepared matter, including, without limitation, any papers, books, accounts, drawings, graphs, charts, photo-records, plans, blueprints, telexes, telegrams, electronic or videotaped or mechanical recordings, electronic mail messages, magnetic impulses, meeting minutes and any

other data compilation from which information can be obtained or translated into reasonable usable form. Without limiting the foregoing, the terms "Document" and/or "Documents" shall include all agreements, contracts, invoices, purchase orders, checks, schedules, e-mails, drafts, drawings, negotiable instruments, billing memoranda, communications, correspondence, letters, telegrams, telexes, messages, memoranda, records, reports, books, summaries or other records of telephone conversations or interviews, summaries or other records of personal conversations, notes or other records of meetings or conferences, summaries or other records of negotiations, diaries, diary entries, calendars, appointment books, time records, instructions, project assignments, visitor records, project sheets, project papers, drafts, graphs, charges, accounts, books of account or other accounting records, notes, notices, marginal notations, notebooks, files, lists, recommendations, printouts, compilations, tabulations, folders or similar containers, studies, surveys, transcripts, conversations, tape or disc recordings, sound recordings, electronic recordings, video recordings, films, tapes, photographs, data compilations from which information can be obtained (including matter used in data processing), and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronic information, however and by whomever produced, prepared, reproduced, disseminated, or made. The terms "Document" and/or "Documents" shall also include all copies of documents by whatever means made, except that where a document is identified or produced, identical copies thereof that do not contain markings, additions, or deletions different from the original need not be separately produced. The terms "Document" and/or "Documents" also include, without limitation, all documents in the possession, custody, or control of any attorney or agent of the person or entity from whom discovery is sought.

   13. **"TRCH"** means the ticker symbol of Torchlight Energy Resources, Inc.'s common stock.

14.     "**MMAT**" means the ticker symbol of Meta Materials, Inc.'s common stock.

15.     "**MMATF**" means the ticker symbol of Metamaterial, Inc.'s common stock.

16.     "**MMTLP**" means and refers to the equity position that began as a Series A Preferred Share of Torchlight and later traded under the ticker symbol MMTLP.

17.     Any and all objections to the production of documents requested herein shall be made in writing and delivered to the undersigned counsel.

18.     For each document or other requested information that you assert is privileged, in whole or in part, identify that document or other requested information.  State the specific grounds for the claim of privilege and specifically state whether you are withholding information or material responsive to that request.

19.     These requests call for the production of all responsive documents in your possession, custody or control, or in the possession, custody or control of your employees, divisions, affiliates, partners, representatives, and agents or other persons acting on your behalf, without regard to the physical location of such documents.

20.     If objecting to a request for production, state the objection with particularity, providing specific grounds for the objection.

21.     For a document that no longer exists or can no longer be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reason(s) for the disappearance.  Also, identify any other document evidencing the lost document's existence or any facts about the lost document.

22.     Unless otherwise indicated, these requests call for documents from the time period June 1, 2021 to the present (the "**Relevant Time Period**").

## DOCUMENT REQUESTS

1.      All internal GTS documents or communications mentioning or relating to TRCH, MMAT, MMATF, and MMTLP.

2.      All documents and communications with Schwab mentioning or relating to TRCH, MMAT, MMATF, and MMTLP.

3.      All documents and communications with OTC Markets Group Inc. mentioning or relating to TRCH, MMAT, MMATF, and MMTLP.

4.      All documents and communications with the Options Clearing Corporation mentioning or relating to TRCH, MMAT, MMATF, and MMTLP.

5.      All documents and communications with the Depository Trust & Clearing Corporation mentioning or relating to TRCH, MMAT, MMATF, and MMTLP.

6.      All documents and communications with the Securities and Exchange Commission mentioning or relating to TRCH, MMAT, MMATF, and MMTLP.

7.      All documents and communications with any other regulator or governmental entity mentioning or relating to TRCH, MMAT, MMATF, and MMTLP.

8.      All documents and communications with FINRA mentioning or relating to TRCH, MMAT, MMATF, and MMTLP.

9.      All documents and communications with any market maker mentioning or relating to TRCH, MMAT, MMATF, and MMTLP.

10.     All documents and communications with any broker or broker-dealer mentioning or relating to TRCH, MMAT, MMATF, and MMTLP.

11.     All documents and communications with any other third party mentioning or relating to TRCH, MMAT, MMATF, and MMTLP.

5

12.     All documents and communications authored by Ari Rubinstein mentioning or relating to TRCH, MMAT, MMATF, and MMTLP.

13.     All complaints that GTS received that mention or relate to TRCH, MMAT, MMATF, and MMTLP.

14.     Documents sufficient to identify all money received by GTS relating to trades in TRCH, MMAT, MMATF, and MMTLP.

15.     Documents sufficient to identify TRCH, MMAT, MMATF, and MMTLP positions – whether long or short – held by GTS.

16.     Documents sufficient to identify TRCH, MMAT, MMATF, and MMTLP positions – whether long or short – held by officers, directors, or employees of GTS.  This request includes, but is not limited to, positions held by Ari Rubinstein.

17.     All documents and communications with FINRA and FINRA committees relating to TRCH, MMAT, MMATF, and MMTLP.

18.     All documents and communications with Financial Industry Foundation and Financial Industry Foundation committees relating to TRCH, MMAT, MMATF, and MMTLP.

19.     Documents sufficient to identify compensation paid to outside consultants on behalf of activity related to TRCH, MMAT, MMATF, and MMTLP, including Jeff Davies, Prosperino Gallipoli (also known as @RaemenSoups on X.com), and @Sam I Am on X.com.

20.     Documents sufficient to identify compensation paid to Options Clearing Corporation or OTC Markets Group Inc. relating to TRCH, MMAT, MMATF, and MMTLP.